345 So.2d 987 (1977)
Abell ADAMS, Plaintiff-Appellee,
v.
TRAVELERS INSURANCE COMPANY et al., Defendants-Appellants.
No. 13216.
Court of Appeal of Louisiana, Second Circuit.
April 25, 1977.
Rehearing Denied May 23, 1977.
Mayer, Smith & Roberts by Caldwell Roberts, Shreveport, for defendants-appellants.
Lewis Weinstein, Richard C. Goorley, Shreveport, for plaintiff-appellee.
Before PRICE, HALL and JONES, JJ.
JONES, Judge.
Plaintiff's employer, Reed Electric Company, and its insurer, Travelers Insurance Company, appeal from a lower court judgment awarding plaintiff workmen's compensation benefits for total and permanent disability and casting the insurer for penalties and attorneys' fees. We affirm.
Abell Adams was employed by Reed Electric Company to do manual labor on a construction site at Louisiana Downs in Bossier City, Louisiana. On the morning of August 21, 1975, while at work, Adams experienced a painful "popping" in his back while lifting a bag of concrete weighing approximately 75 pounds. He told two co-workers, one of whom witnessed the accident, of his pain, *988 and then reported the accident to his supervisor, Henry James. The supervisor instructed Adams to go and sit down in the cafeteria, and then went to contact James Reed, the owner of the employing company. While seated in the cafeteria, Adams talked to Reed and informed him of the injury. Although the accident happened at approximately 9:30 A.M. and Adams stayed on the job site for the remainder of the day, he did no further work. Adams never returned to work for Reed Electric Company or any other employer following his injury.
On August 25 Adams consulted a doctor at the VA Hospital in Shreveport complaining of hip and leg pains. He told the doctor the pain had commenced as he lifted a sack of concrete at work four days earlier. The VA doctor diagnosed his injury as a "possible herniated disc". On August 26 Adams' attorney wrote Reed Electric advising it of the injury, the surrounding circumstances, and the diagnosis of the doctor at the VA Hospital.
On September 2 Adams was examined by Dr. James L. Zum Brunnen, an orthopedist. Adams complained of hip and back pain and gave the same history of the injury he had related at the VA Hospital. Dr. Zum Brunnen found Adams was suffering from a herniated disc, and considered him unable to resume manual labor. Dr. Zum Brunnen believed Adams' accident, as the facts were related to him, caused the disc injury.
On September 18, 1975, Adams' attorney mailed a letter to the claims adjuster of Travelers Insurance Company, the workmen's compensation insurer of Reed Electric Company, inclosing an affidavit executed by Adams which recited the facts surrounding the accident. This letter indicated the affidavit was inclosed to provide the adjuster with a statement by the claimant, since the adjuster had failed to keep an earlier appointment for the purpose of obtaining such a statement. The letter reiterated that medical examinations established Adams' compensable disability and again requested workmen's compensation benefits be paid.
On September 24 a second letter was written to the claims adjuster. This letter indicated an additional medical examination substantiated the earlier diagnosis of disability and again demanded compensation benefits be commenced. On October 10 a third letter was written to the claims adjuster, attaching another medical report and again demanding commencement of workmen's compensation payments.
Suit was filed on October 29, 1975, but was subsequently dismissed without prejudice when Adams failed to appear on the date of trial. This suit was initiated on May 21, 1976.
Defendants first claim Adams has not proven by a preponderance of evidence that he suffered a compensable accident while working for Reed Electric Company, urging his failure to introduce the testimony of the co-workers who were present at the time of the accident to corroborate his testimony is prejudicial to his case. They also complain Adams' only corroborating witness is his step-grandson.
Adams testified he attempted to contact his co-workers but they could not be found. He indicated he did not know them personally and his attempts to contact them were without avail. In light of these facts, this is not a situation where available witnesses were not called, and therefore Adams' inability to produce these co-workers does not prejudice his case. It is also significant that although defendants knew of these witnesses, they failed to produce them for the purpose of contradicting Adams' testimony concerning the occurrence of the accident.
It is well settled that a claimant's testimony alone can prove an on-the-job accident where there are corroborative circumstances. Delafosse v. Industrial Painters, Inc., 199 So.2d 559 (La.App., 3d Cir. 1967). Adams' step-grandson, who was working in the cafeteria at Adams' place of employment, testified Adams told him of his accidental injury, and that he heard Adams relate the circumstances of his injury to Reed and Henry James while in the *989 cafeteria shortly after the accident. Reed and James admitted plaintiff told them that he was in pain and could not work, but stated Adams attributed his disability to arthritis.
The trial judge had the opportunity to hear the witnesses and evaluate their credibility. After doing so, he resolved any conflicts in Adams' favor, finding Adams suffered a compensable accident. The trial court's ultimate evaluation will not be disturbed on review in the absence of manifest error. Delafosse v. Industrial Painters, Inc., supra. In any event, when all this testimony is considered along with the uncontroverted evidence that Adams was satisfactorily performing his job until the time of the accident and the doctor's testimony that Adams could not have performed any manual labor after receiving a herniated disc, it is abundantly clear Adams has established the occurrence of a compensable accident by a preponderance of the evidence.
Travelers Insurance Company also complains the lower court erroneously held it liable for penalties and attorneys' fees. LSA-R.S. 22:658[1] provides that an insurer who fails to pay compensation benefits within sixty days of receipt of proof of loss, if found to be arbitrary and capricious and without probable cause in such failure, shall be liable for 12% penalties on the total amount of the past due compensation, together with reasonable attorneys' fees. Prior to the institution of this suit Travelers had received three demand letters from Adams' attorney, along with Adams' affidavit setting forth the facts and circumstances surrounding his injury. Enclosed with at least one of the demand letters was a report from Dr. Zum Brunnen. The deposition of Otis Davis, which corroborated the facts in Adams' affidavit, was also available to Travelers prior to the institution of this suit.
Travelers states it was justified in refusing to pay benefits in reliance on statements given by Reed and Henry James that Adams had told them his pain was caused by arthritis. We believe these statements corroborate Adams in that they establish his complaints of back pain and disability occurring on the job, on the date and time of his accident. Further, there is no medical evidence Adams ever suffered from arthritis. In fact, all the medical evidence negates any question that Adams' injury was other than a herniated disc. Travelers' complaint that the VA Hospital records show Adams suffered similar pains several weeks prior to his employment is without merit because it was made clear at trial his illness on this earlier visit was prostatitis and had no relation whatsoever to his herniated disc.
Considering the medical reports and other surrounding circumstances which corroborated Adams' claim, and which were known by Travelers, it could not refuse to pay compensation benefits by reliance on statements made by Adams to Reed and James (if, indeed, he made such statements) without obtaining a medical opinion which would further support their claim that Adams' injury was merely arthritis. To hold otherwise would be to require an employee to accurately diagnose his own injury when he reported it to his supervisor.
*990 In Poindexter v. South Coast Corporation, 204 So.2d 615 (La.App., 4th Cir. 1967) the court held the insurer acted arbitrarily and capriciously, and was liable for penalties and attorneys' fees, because it neglected or refused to inquire into the cause of plaintiff's disability, and requested no medical examination nor took any steps to determine the cause of the disability, instead of obtaining medical advice as to the cause. Also see Barham v. Mathieu, 198 So.2d 145 (La.App., 1st Cir. 1967).
In Gauthier v. Employers National Insurance Company, 316 So.2d 769 (La.App., 1st Cir. 1975), the court stated:
"There is no absolute rule which can be stated to apply in every case as a test of `probable cause.' There must be a latitude of discretion vested in the courts and especially in the trial judge in determining this fact question. In the exercise of that discretion due regard must be given to all the circumstances surrounding the claim or alleged compensable injury and the credibility of the witnesses. The discretion of the trial judge on the point will not be overturned except where clearly abused or manifestly erroneous from a factual standpoint." Id. p. 776-777
We find that there is ample evidence in the record to support the trial judge's finding that Travelers' failure to pay plaintiff compensation benefits was arbitrary and capricious and without probable cause.
The judgment of the trial court is affirmed, appellants to pay all costs of this appeal.
NOTES
[1] § 658. Payment of claims, policies other than life and health and accident; penalties.

"All insurers issuing any type of contract other than those specified in R.S. 22:656 and 22:657 shall pay the amount of any claim due any insured including any employee under Chapter 10 of Title 23 of the Revised Statutes of 1950 within sixty days after receipt of satisfactory proofs of loss from the insured, employee or any party in interest. Failure to make such payments within sixty days after receipt of such proofs and demand therefor, when such failure is found to be arbitrary, capricious, or without probable cause, shall subject the insurer to a penalty, in addition to the amount of the loss, of 12% damages on the total amount of the loss, payable to the insured, or to any of said employees, together with all reasonable attorney's fees for the prosecution and collection of such loss, or in the event a partial payment or tender has been made, 12% of the difference between the amount paid or tendered and the amount found to be due and all reasonable attorney's fees for the prosecution and collection of such amount. . . ."