378 So.2d 134 (1979)
Purvis LEE, Plaintiff-Appellee,
v.
NATIONAL TEA COMPANY, Defendant-Appellant.
No. 7192.
Court of Appeal of Louisiana, Third Circuit.
November 12, 1979.
Rehearing Denied January 15, 1980.
*135 Dubuisson, Brinkhaus & Dauzat, Jimmy L. Dauzat, Opelousas, for defendant-appellant.
Cline, Miller, Richard & Miller, Larry T. Richard, Rayne, for plaintiff-appellee.
Before CULPEPPER, WATSON and GUIDRY, JJ.
WATSON, Judge.
Plaintiff, Purvis Lee, initiated this suit seeking workmen's compensation benefits for an injury to his back sustained on February 9, 1978, while employed by the defendant, National Tea Company. The trial court awarded total disability benefits plus penalties and attorney's fees. Defendant has appealed.
The only issue is whether the trial court erred in finding that National's failure to pay benefits was arbitrary and capricious. Defendant is self-insured and the applicable statute is LSA-R.S. 23:1201.2, which states:
"A. Any employer whose liability for claims arising under the provisions of this Chapter is not covered by insurance, shall pay the amount of any claim due under the provisions of this Chapter, within sixty days after receipt of written notice. Failure to make such payment within sixty days after receipt of notice, when such failure is found to be arbitrary, capricious, or without probable cause, shall subject the employer to a penalty, in addition to the amount of claim due, of 12% of the total amount of such claim, payable to the claimant, together with all reasonable attorney's fees for the prosecution and collection of such claim or in the event a partial payment or tender has been made, 12% of the difference between the amount paid or tendered and the amount found to be due, and all reasonable attorney's fees for the prosecution and collection of such amount. Any such employer who at any time discontinues payment of claims due and arising under the provisions of this Chapter, when such discontinuance is found to be arbitrary, capricious, or without probable cause, shall be subject to the penalties set forth above, payable to the claimant, together with all reasonable attorney's fees for the prosecution and collection of such claims. The provisions of R.S. 23:1141 limiting the amount of attorney's fees shall not apply in cases wherein the employer is found liable for penalties and attorney's fees under the provisions of this Section.
B. The notice required by the provisions of this Section may be given or made by any person claiming to be entitled to compensation, or by any one on his behalf, and shall contain the information and signature required by R.S. 23:1293 and shall be given as required by R.S. 23:1294."
FACTS
Purvis Lee was manager of the meat department in National's Abbeville store and had been employed there for 16 years prior to the accident. On February 9, 1978, a Thursday, plaintiff Lee felt a burning pain in his lower back while reaching up to lift a hind quarter of beef off a hook. Plaintiff reported the injury to the co-manager of the store, Purvis Bourque. Bourque said his policy was not to fill out an accident report unless an employee had to go to a doctor. He did not formally report the *136 accident. Oris Luquette, the produce manager, testified that Lee told him he had hurt his back one Thursday morning. The store manager, Dallas LeBlanc, was not present that day. LeBlanc and two other employees, Wallace Mouton and Leonce David, Jr., said that they did not remember Lee having an accident at work.
After working in increasing pain about a month, Lee asked LeBlanc on March 9 for a week's vacation to go to the doctor about his back. Lee's family physician, Dr. Louis Latour, examined him on March 10 and instructed him not to return to work. Lee requested an additional three weeks' vacation and underwent physical therapy, which caused an increase in his pain. Lee was never able to return to work. He was referred to Dr. Robert D. Martinez, a neurologist, who suspected a herniated disc. After a positive myelogram, an orthopedic surgeon, Dr. John E. Cobb, removed a herniated disc on the right side and fused the spine. Dr. Cobb testified that Lee's clinical picture was consistent with his account of a traumatic injury to the back.
Purvis Bourque filled out a claim form requesting group insurance benefits for Lee on March 28, 1978, stating that Lee hurt his back at work on February 9. Lee's attorney wrote a letter demanding compensation benefits on April 18, accompanied by an affidavit stating that Lee had reported the accident on February 9 to Purvis Bourque. Bourque had changed jobs in April but testified that he was telephoned about the accident by a Mr. Thompson on behalf of National. William L. Thompson testified that Bourque told him that Lee had hurt his back at work, but this was after suit was filed on May 2. Meanwhile, Thompson had decided benefits were not due because no accident report was filed and no one witnessed the incident. The employees Thompson contacted did not know anything about Lee's accident. Oris Luquette was not questioned by Thompson. Bourque's deposition was taken on behalf of National but not introduced into evidence. No benefits were ever paid by National.
CONCLUSION
Defendant contends that there was a bona fide dispute about whether Lee suffered a work related accident and it was entitled to a judicial determination of its liability without incurring responsibility for penalties and attorney's fees. However, the record does not establish a genuine factual issue. There is no real conflicting evidence. National relied completely on the fact that some of its employees were unaware that Lee had sustained an accident. Even after Bourque confirmed that Lee had suffered a work related accident on February 9, benefits were not paid. No attempt was made to have plaintiff examined to determine whether his injury was traumatic in nature. Compare Cole v. Sears, Roebuck & Co., 337 So.2d 900 (La.App. 3 Cir. 1976). The purpose of the penalty provision of the statute is to discourage an attitude of indifference to the situation of injured employees. Poindexter v. South Coast Corporation, 204 So.2d 615 (La.App. 4 Cir. 1967). Here, as in Poindexter, National assumed that its employee of many years did not have an accident and failed to obtain any medical advice as to the cause of his disability. Not only was Bourque, the manager in charge on the day of the accident, advised that it had occurred but the regular store manager, LeBlanc, knew that Lee had a back problem on March 9. The employer neglected to make further inquiries into the cause of plaintiff's disability. Adams v. Travelers Ins. Co., 345 So.2d 987 (La.App. 2 Cir. 1977). There was no real or substantial issue to justify National's failure to pay benefits. Guillory v. Travelers Insurance Company, 294 So.2d 215 (La., 1974). There is no error in the trial court's conclusion that defendant, National Tea Company, is liable for penalties and attorney's fees.
The appeal was not answered and, therefore, we cannot consider an increase of the attorney's fees for services on appeal.
For the foregoing reasons, the judgment of the trial court herein is affirmed. All costs of appeal are assessed against defendant-appellant, National Tea Company.
AFFIRMED.