403 So.2d 1247 (1981)
Joe BERRY
v.
LIVINGSTON ROOFING COMPANY, et al.
No. 81-C-0506.
Supreme Court of Louisiana.
September 8, 1981.
Rehearing Denied September 28, 1981.
Joseph A. Gladney, Joseph A. Gladney & Associates, Baton Rouge, for plaintiff-applicant.
Daniel R. Atkinson, Owen, Richardson, Taylor, Mathews & Atkinson, Baton Rouge, for defendants-respondents.
DENNIS, Justice.
The issue in this worker's compensation suit is whether the plaintiff sufficiently established a causal connection between his work-accident and his subsequent disability. Both lower courts concluded that he had not. Because the credibility determinations made below are not clearly wrong, we affirm.
On January 24, 1977, plaintiff, a twenty-seven year old roofer, was unloading his employer's truck when he lost his balance and fell from the truck bed to the pavement below. It is uncontested that plaintiff suffered injuries to two teeth, fractured both wrists, and received some facial lacerations. He received compensation benefits for those *1248 injuries through May, 1977 and suffers no residual disability from them.
On May 13, 1977, Dr. G. Gernon Brown, an orthopedist, took x-rays of plaintiff's lower back and found that plaintiff had spondylolisthesis, a condition characterized by slight forward displacement of the last lumbar vertebra. According to Dr. Brown, this condition probably developed in plaintiff's childhood and was definitely not caused by any recent trauma. Other than the x-rays, no objective clinical evidence of back trouble was observed. Dr. Brown testified that persons with spondylolisthesis should not engage in heavy manual labor because of their susceptibility to back injury and that, in his opinion, plaintiff was medically disabled from performing such work both before and after the accident.
Aggravation of a pre-existing physical deficiency is compensable, however. E. g., Allor v. Belden Corp., 393 So.2d 1233 (La.1981); Parks v. Ins. Co. of North America, 340 So.2d 276 (La.1976). Therefore, the question presented is whether plaintiff established that the accident caused his pre-existing condition to become symptomatic or aggravated it in some way.
A presumption of causal connection between the accident and the ensuing disability is available to ease the injured worker's burden of proof when he is able to show that before the accident he was in good health, but commencing with the accident the symptoms of the disabling condition appear and continuously manifest themselves afterwards, providing that the medical evidence establishes a reasonable possibility of such a connection. Lucas v. Ins. Co. of North America, 342 So.2d 591, 596 (La.1977). See, e. g., Allor v. Belden, supra; Cadiere v. West Gibson Products Co., Inc., 364 So.2d 998 (La.1978). The record does not indicate that plaintiff had experienced any back problems prior to the accident. He had worked for the defendant about three years with only two minor injuries, neither relating to his back. Dr. Brown testified that the plaintiff's fall from the truck was capable of causing the spondylolisthesis to become symptomatic. In his opinion, it would be medically reasonable to find such an accident the precipitating cause of the symptoms if these symptoms appeared within a few days following the accident, but not if several months passed without complaint.
The first undisputed complaint of back problems to a physician by the plaintiff was made to Dr. Brown on May 13, 1977, three and one-half months after the accident. Both lower courts were unconvinced by plaintiff's evidence of earlier complaints. Although the trial judge was reluctant to brand any witness a liar, he clearly found that the more reliable and credible testimony had been presented by the defendant. After a careful review of the record, we do not find these determinations clearly wrong.
Plaintiff testified that he first noticed pain in his lower back two or three days after the accident. He surmised that until then acute pain of his other injuries masked his back problems. Plaintiff testified that since that time he has been constantly bothered by his back. His complaints of back pain following the accident were corroborated by his mother, niece, brother, sister, and two close family friends. According to them, the plaintiff complained often about his back, his movement was restricted, and he was at times visibly in pain. The lower courts discounted the testimony of plaintiff's family and friends because it contained inconsistencies and because of the witnesses' understandable lack of detachment. Other witnesses including co-employees and examining physicians did not remember any complaints of back pain by the plaintiff or notice his movement being restricted.
The trial court was most impressed by the fact that plaintiff had not complained about his back to Dr. Lloyd Perez in the numerous office visits between January 26, 1977 and May 10, 1977. The plaintiff testified that he had complained once to Dr. Perez on February 4th, but the doctor had no recollection of that particular visit nor of any back complaints ever being made. Plaintiff also claimed to have told the insurance *1249 adjuster about his back pains on February 3rd, but the adjuster testified oppositely and the accident report he filed contained no references to back ailments.
Reasonable evaluations of credibility made by the trier of fact should be accorded great weight by a reviewing court. Cadiere v. West Gibson Products Co., Inc., supra, 364 So.2d at 999; Arceneaux v. Domingue, 365 So.2d 1330, 1333 (La.1978); Canter v. Koehring Co., 238 So.2d 716, 724 (La.1973). We accept the trial court's finding that the plaintiff failed to establish that the accident triggered an onset of disabling symptoms. The finding is reasonable in light of all the evidence of record. Therefore, the presumption of causation is not applicable, and causation is inconsistent with the medical evidence.
Plaintiff also argues that defendant should pay for additional dental work which he says the accident caused. The record shows, however, that this work was not recommended until after the plaintiff fell hitting his mouth on a nightstand in December, 1977. Plaintiff did not adequately demonstrate any causal connection between the work-accident and this additional dental damage necessitated by the second fall at home.
For the reasons assigned above, the judgment below is affirmed.
AFFIRMED.
CALOGERO and WATSON, JJ., dissent.
DIXON, C. J., dissents with reasons.
DIXON, Chief Justice (dissenting).
I respectfully dissent.
It seems to be undisputed that plaintiff's back pain was diagnosed by his orthopedic surgeon as symptomatic spondylolisthesis three and one-half months after a fall in which he suffered damage to his face and teeth and broke two wrists. There is no evidence that the back injury came from any cause other than the fall. There is evidence that the fall caused the injury. This court denies recovery because it finds that plaintiff failed to complain earlier of his back injury. We require greater wisdom and foresight from an injured workman than we should.