DOUCET, Judge.
This action for workmen’s compensation benefits was brought by Leo Spillers against his former employer, Cities Service. Plaintiff alleges that he suffered a knee injury while working within the course and *270 scope of his employment as a boilermaker for Cities Service, and that such injury resulted in a permanent partial disability entitling him to recover benefits prescribed by the Louisiana Workmen’s Compensation Act. Defendant admits the occurrence of the accident but contends that the employee’s complaints were not justified for the duration alleged. Defendant’s position is that the injury resulted in aggravation of a pre-existing condition and that plaintiff has since returned to the same physical condition which existed prior to the accident. From an adverse ruling defendant has perfected this appeal, wherein he alleges plaintiff failed to prove such a disability by a preponderance of evidence.
On January 3, 1979, Mr. Spillers, while working in the course and scope of his employment, attempted to lift a heavy impact wrench, when he felt a tearing sensation in his knee. He reported to the first aid center on his employer’s premises, and was immediately referred to Dr. Edward Phillips, Jr., an orthopedic surgeon. Thereafter, Dr. Phillips allowed Mr. Spillers to return to work on light duty, in which position he stayed until his retirement on October 1, 1979. Subsequent to his retirement Mr. Spillers worked occasionally doing light work as a boilermaker. However, he filed suit against Cities Service alleging that he was permanently partially disabled as a result of the aforesaid accident, and that such disability prevented him from working as often as desired.
Since the date of the accident plaintiff has been seen by only one physician, Dr. Phillips; thus his testimony represents the totality of medical evidence presented at trial. Mr. Spillers related to Dr. Phillips that he had suffered an injury to his right leg as a child when a bull fell on his leg resulting in one leg being shorter than the other. Dr. Phillips testified that, after following his patient’s progress, his opinion changed as to the cause of plaintiff’s problems, being of the belief that “a lot of his trouble in the latter few months probably had to do with the original old injury,” now being aggravated by arthritis. He could not say with any certainty that Spiller’s continued suffering was not attributable to a torn meniscus incurred during the accident.
Aggravation of a pre-existing physical deficiency is compensable. Berry v. Livingston Roofing Co., 403 So.2d 1247 (La.1981); Allor v. Belden Corp., 393 So.2d 1233 (La.1981); Parks v. Ins. Co. of North America, 340 So.2d 276 (La.1976). In other words, an employer takes his employee as he finds him. Thus the question remains whether plaintiff established that the accident caused his pre-existing condition to become symptomatic or aggravated it in some way.
 Where there is proof of an accident and a following disability without any intervening cause, it is presumed that the accident caused the disability. Adams v. New Orleans Public Service, Inc., 399 So.2d 607 (La.1981); Bertrand v. Coal Operators Casualty Co., 221 So.2d 816 (La.1969). This presumption of causal connection between the accident and ensuing disability is available to ease the injured worker’s burden of proof when he is able to show that before the accident he was in good health, but commencing with the accident the symptoms of the disabling condition appear and continuously manifest themselves after-wards, providing that the medical evidence establishes a reasonable possibility of such a connection. Berry v. Livingston Roofing Co., supra; Allor v. Belden Corp., supra; Cadiere v. West Gibson Products Co., Inc., 364 So.2d 998 (1978). Plaintiff testified as to history of good health, which was corroborated by the two other witnesses, A.E. Vincent, and Eddie Stroderd. The record indicates plaintiff never missed work because of any pre-existing condition. All of these witnesses, and additionally Dr. Phillips, testified that subsequent to the accident plaintiff experienced pain when working. Dr. Phillips further testified that Mr. Spillers continues to exhibit disability in the right knee and this was attributable, in part, to the lifting injury.
Appellant further contends that plaintiff could continue similar employment if he so *271 desired. La. R.S. 23:1221(3) provides that an employee is eligible for compensation for a partially disabling work-related injury regardless of whether his employment continues; only the amount of compensation due may be affected by wages actually earned after the injury. Naquin v. Uniroyal, Inc., 405 So.2d 525 (La.1981). The evidence fully supports the finding of the trial court that plaintiff is physically unable to perform some of his old tasks as a result of his injury. Dr. Phillips testified that Spiller’s disability would interfere with the regular duties of a boilermaker, which was corroborated by the testimony of other witnesses. Furthermore, Dr. Phillips conditioned plaintiff’s return to employment upon him doing only light duty work.
Reasonable evaluations of credibility made by a trier of fact should be accorded great weight by a reviewing court. Cadiere v. West Gibson Products Co., Inc., supra; Arceneaux v. Domingue, 365 So.2d 1330 (La.1978); Canter v. Koehring Co., 283 So.2d 716 (La.1973). We accept the trial court’s finding that plaintiff was permanently partially disabled as a result of the accident, and accordingly affirm. Costs of this appeal are to be borne by appellant.
AFFIRMED.