410 So.2d 1286 (1982)
Sara ALEXANDER, Plaintiff-Appellant,
v.
DEPARTMENT OF CULTURE, RECREATION AND TOURISM and Rockwood Insurance Company, Defendants-Appellees.
No. 8593.
Court of Appeal of Louisiana, Third Circuit.
February 3, 1982.
*1287 James H. Galloway, Jr., Alexandria, for plaintiff-appellant.
W. Miguel Swanwick, Alexandria, for defendants-appellees.
Before DOMENGEAUX, DOUCET and LABORDE, JJ.
DOUCET, Judge.
This is a workmen's compensation case wherein plaintiff appeals from the judgment of the trial court insofar as it denied penalties and attorney's fees. We reverse in this regard.
In March of 1979, Mrs. Alexander, plaintiff-appellant, began work at Hot Wells Resort near Boyce, Louisiana, as a cook. Shortly thereafter, on May 11, 1979, while working in the course and scope of her employment, she slipped on a tomato peel and fell, causing injuries to her back. Following the injury she consulted Dr. Donovan Purdue, an orthopaedic surgeon, complaining of low back pain with radiation down the back of the left thigh and calf, into the heel and great toe. She related that she had broken her back six or seven years previously, and received some type of lumbar surgery, however, her back had not been too bad since then. Dr. Purdue noted a total laminectomy of the fifth lumbar vertebra, diagnosed a low back strain, advised Mrs. Alexander to go home and stay in bed, and prescribed medications. She continued to visit and receive treatment from Dr. Purdue until late July 1979. Meanwhile, Mrs. Alexander had been receiving workmen's compensation benefits, which commenced on May 20, 1979.
On July 23, 1979, plaintiff again visited Dr. Purdue, at which time the physician cautiously released her to return to work on a trial basis upon the condition of her doing only light duty work. He thought she should be able to return to work if they had some type of light duty available where she would not have to do a lot of bending, stooping, lifting, etc. Mrs. Alexander acted upon his suggestion that she try resuming work, and returned to Hot Wells in mid-August, at which time her compensation payments terminated. She attempted working for two days[1] when her condition flared up *1288 and made continued work unbearable. She was then requested to sign a resignation in order that she receive her paycheck for the brief period worked.[2]
Thereafter Mrs. Alexander returned to Dr. Purdue with worsened back pains and problems. She explained to him how returning to work had aggravated her situation, and that there had been no intervening injury, and she received medication. She later became displeased with the symptomatic treatment she was receiving from Dr. Purdue and consulted Dr. John Weiss. After being examined by Dr. Weiss, she was placed in a Jewitt brace for conservative treatment. When this treatment failed to produce any significant improvement, Dr. Weiss felt a spinal fusion was necessary and referred her to Dr. Henry LaRocca who subsequently performed the fusion and is still treating Mrs. Alexander.
In the meantime, Mrs. Alexander's attorney sent a letter, dated October 9, 1979, to the employer, Department of Culture, Recreation and Tourism, and its workmen's compensation insurer, Rockwood Insurance Company, requesting the previously terminated workmen's compensation be reinstated.[3] This formal demand complied with the requirements of LSA-R.S. 23:1293, 1294.[4] *1289 When no payments followed, suit was filed and the plaintiff was subsequently awarded benefits but penalties and attorney's fees were denied.
Although plaintiff had suffered a back injury some seven years prior to the present accident, defendants concede, as they must, that aggravation of a pre-existing condition is compensable.[5] Equally clear is that the defendants were justified in ceasing payments upon plaintiff's return to her employment as the employer's conduct in discontinuing payments must be judged on the facts as they appeared at the time payments were discontinued. Thus, the sole issue on appeal is whether compensation was arbitrarily and capriciously withheld, after plaintiff's demand, so as to warrant imposition of penalties and attorney's fees upon appellees.
The applicable statute authorizing such awards is LSA-R.S. 23:1201.2, which provides:
§ 1201.2 Failure to pay claims; discontinuance; penalties and attorney's fees
A. Any employer whose liability for claims arising under the provisions of this Chapter is not covered by insurance, shall pay the amount of any claim due under the provisions of this Chapter, within sixty days after receipt of written notice. Failure to make such payment within sixty days after receipt of notice, when such failure is found to be arbitrary, capricious, or without probable cause, shall subject the employer to a penalty, in addition to the amount of claim due, of 12% of the total amount of such claim, payable to the claimant, together with all reasonable attorney's fees for the prosecution and collection of such claim, or in the event a partial payment or tender has been made, 12% of the difference between the amount paid or tendered and the amount found to be due, and all reasonable attorney's fees for the prosecution and collection of such amount. Any such employer who at any time discontinues payment of claims due and arising under the provisions of this Chapter, when such discontinuance is found to be arbitrary, capricious, or without probable cause, shall be subject to the penalties set forth above, payable to the claimant, together with all reasonable attorney's fees for the prosecution and collection of such claims. The provisions of R.S. 23:1141 limiting the amount of attorney's fees shall not apply in cases wherein the employer is found liable for penalties and attorney's fees under the provisions of this Section.
B. The notice required by the provisions of this Section may be given or made by any person claiming to be entitled to compensation, or by any one on his behalf, and shall contain the information and signature required by R.S. 23:1293 and shall be given as required by R.S. 23:1294.
Similar provisions can be found in LSA-R.S. 22:658.
Whether the plaintiff's return to work was necessitated by economic survival or an attempt to mitigate damages, her failure in this regard became clear upon her termination. The evidence indicates the employer was well aware of her inability to continue her normal duties at the time of her resignation. Certainly both defendants were aware of the reasons for her disability upon receipt of notice and demand by her attorney.
Where subsequent to an initial optimistic report, an employer receives information *1290 indisputably showing a claimant to be disabled, the employer and/or insurer cannot rely upon the early report and solely on its basis avoid penalty and attorney's fees for arbitrary nonpayment of compensation benefits indisputably due the disabled claimant. Walker v. Wilson & Son Inc., 340 So.2d 985 (La.1976); Carter v. American Mutual Liability Insurance Co., 386 So.2d 1072 (La.App. 3rd Cir. 1980); Hebert v. Loffland Bros., 363 So.2d 969 (La.App. 3rd Cir. 1978); Guidry v. Ford, Bacon & Davis Construction Corp., 376 So.2d 352 (La.App. 3rd Cir. 1979); Turner v. American Mutual Insurance Co., 375 So.2d 113 (La.App. 3rd Cir. 1979), reversed on other grounds, 390 So.2d 1330 (La.1980). The fact that injured employees may not be denied compensation on the basis of inconclusive medical reports is also well established. Wiley v. Southern Casualty Insurance Co., 380 So.2d 214 (La. App. 3rd Cir. 1980); Horn v. Vancouver Plywood Co., 322 So.2d 816 (La.App. 3rd Cir. 1975); Norris v. Southern Casualty Insurance Co., 342 So.2d 874 (La.App. 3rd Cir. 1977) writ refused, 344 So.2d 670 (La. 1977). Commencing with plaintiff's return to work, the symptoms of the disabling condition reappeared, worsened, and continually manifested themselves afterwards. The situation is analagous to those in which the presumption of causal connection between the accident and ensuing disability is available to ease the injured employee's burden of proof. Allor v. Belden Corp., supra at footnote 5; Adams v. New Orleans Public Service, Inc., 400 So.2d 1123 (La.1981) and cases cited therein, and we believe the presumption applicable to the present case. The plaintiff's resignation was wholly consistent with her physician's initial diagnosis and his cautious release to work on a trial basis.
The record is totally devoid of any investigative efforts on behalf of defendants, such as a request directed to plaintiff to submit to a medical examination, which would have revealed a contrary diagnosis. In choosing a course of inaction following plaintiff's demand preceded by medical reports evidencing compensable disability, the defendants proceeded at their own peril. The very purpose of the penalty provision of the statute is to discourage such an attitude of indifference toward the injured employee. A similar result was reached in Poindexter v. South Coast Corp., 204 So.2d 615 (La.App. 4th Cir. 1967) wherein the court held the insurer acted arbitrarily and capriciously because it neglected or refused to inquire into the cause of the plaintiff's disability and requested no examination nor took any steps to determine the cause of the disability. Similarly, in Adams v. Travelers Insurance Co., 345 So.2d 987 (La.App. 2nd Cir. 1977) it was held that the workmen's compensation insurer was not justified in refusing to pay benefits by reliance on statements allegedly made by the employee, who had suffered a herniated disc, that his pain was caused by arthritis, without obtaining a medical report which would support the employee's statement. And in Kilbourne v. Armstrong, 351 So.2d 802 (La. App. 1st Cir. 1977) the defendant discontinued payments because he believed plaintiff was able to return to work and it was held that defendant should not have ceased payments without making further inquiry and securing a medical opinion. See also: Lee v. National Tea Co., 378 So.2d 134 (La.App. 3rd Cir. 1980).
Under the circumstances recited herein, we deem the defendant's actions to be arbitrary and capricious within the meaning of LSA-R.S. 23:1201.2, thereby necessitating the award of penalties and attorney's fees. Accordingly, we hereby award appellant penalties in the sum of 12% of the amount of compensation withheld. We believe an award of $3,500 will be sufficient to compensate plaintiff's attorney for services provided in connection with the trial and appeal of this case.
For the reasons assigned, the judgment appealed is reversed insofar as it denies penalties and attorney's fees, and it is now ordered, adjudged, and decreed that there be a judgment herein in favor of the plaintiff, Mrs. Sara Alexander, and against defendants-appellees for penalties as provided in LSA-R.S. 23:1201.2 in the amount of 12% of the amount of compensation withheld.
*1291 It is further ordered, adjudged and decreed that there be a judgment in favor of the plaintiff and against defendants in the sum of $3,500 as attorney's fees. In all other respects the judgment appealed is affirmed. All costs of this appeal are assessed against appellees.
REVERSED AND RENDERED IN PART; AFFIRMED IN PART.
LABORDE, J., concurs in the result.
NOTES
[1] Although the trial judge did not make a determination as to the length of plaintiff's return to work, the preponderance of evidence indicates she did so for two days whereas defendants claim she did so for six days. However, the duration of her return is of little relevance to resolution of the issue presented on appeal, and appellees, in their brief, concede two days is correct.
[2] The characterization of her termination and whether she was required to sign the resignation was disputed at the trial level, but the above representation of the situation has been conceded to as accurate on appeal by defendants.
[3] The letter sent by plaintiff's original attorney, and entered into evidence, read as follows:

Mr. J. Larry Crain, Secretary
Department of Culture, Recreation & Tourism
P. O. Box 44361
Baton Rouge LA 70804
Re: Workmen's Compensation ClaimSara Alexander
Dear Mr. Crain:
This office represents Mrs. Sara Alexander, a former employee of the Hot Wells Resort, Boyce, Louisiana. Mrs. Alexander was employed at the Hot Wells Resort as a cook and in the course and scope of her employment she suffered injury on May 11, 1979 when she slipped and fell on a tomato. As a result of this injury Mrs. Alexander received workmen's compensation payments commencing on May 20, 1979 and continuing through August 11, 1979. Mrs. Alexander returned to work on August 12, 1979 and worked 4.5 hours; she also worked on August 13, 1979 for 6 hours. On both August 12, 1979 and August 13, 1979 Mrs. Alexander experienced substantial pain and discomfort and consequently did not return to work on August 15, 1979 or thereafter. Mr. Malcolm Ingram, manager of Hot Wells Resort required Mrs. Alexander to sign a resignation before he would permit her to take possession of her paycheck for wages earned on August 12 and 13.
The Department of Culture, Recreation & Tourism terminated workmen's compensation payments to Mrs. Alexander effective August 11, 1979 even though representatives of the Department were aware of her inability to perform her normal job duties. There has also been no further payments for medical expenses incurred as a result of the May 11, 1979 injury.
Mrs. Alexander is entitled to continuation of workmen's compensation benefits and to payment of medical expenses related to the May 11, 1979 injury. This letter constitutes formal demand that the Department of Culture, Recreation & Tourism resume workmen's compensation payments to Mrs. Alexander retroactive to August 12, 1979 and that the Department provide payment for all medical expenses associated with the May 11, 1979 injury. If, within ten (10) days after receipt of this letter, suitable arrangements have not been made for satisfaction of Mrs. Alexander's entitlements under the law, this office will institute legal proceedings to recover full workmen's compensation benefits, penalties, and attorney's fees.
 Yours very truly,
 Gold, Little, Simon, Weems & Bruser
 By_________________________________
 Robert G. Nida
A copy of the letter was sent to defendant insurance company by separate cover on the same date.
[4] § 1293. Contents of notice

The notice provided for in R.S. 23:1291 shall be made in writing and shall contain the name and address of the employee; shall state in ordinary language the time, place, nature and cause of the injury; and shall be signed by the person giving or making same. The notice may include the claim.
§ 1294. Persons upon whom notice made
Any notice or claim under this Chapter shall be given to the employer. If the employer is a partnership, then the notice may be given to any one of the partners. If the employer is a corporation, then the notice may be given to any agent of the corporation upon whom process may be served, or to any officer or agent in charge of the business at the place where the injury occurred. If the employer is a body politic then the notice may be given to the person connected with said body politic upon whom process may be served. Provided, that in any case the notice may be given to the person designated in the notice posted in accordance with R.S. 23:1292. Any such notice shall be given by delivering it or by sending it by mail by registered letter addressed to the employer or officer or agent at his or its last known residence or place of business.
[5] Berry v. Livingston Roofing Co., 403 So.2d 1247 (La.1981); Allor v. Belden Corp., 393 So.2d 1233 (La.1981); Parks v. Insurance Co. of North America, 340 So.2d 276 (La. 1976); Spillers v. Cities Service Co., 406 So.2d 269 (La.App. 3rd Cir. 1981).