410 So.2d 1171 (1982)
Charles N. LOFTON, Plaintiff-Appellee,
v.
LOUISIANA PACIFIC CORPORATION, Defendant-Appellant.
No. 8614.
Court of Appeal of Louisiana, Third Circuit.
February 3, 1982.
Writ Denied March 19, 1982.
*1172 Gaharan & Wilson, Donald R. Wilson and Paul Boudreaux, Jr., Jena, for defendant-appellant.
Fuhrer & Flournoy, George A. Flournoy, Alexandria, for plaintiff-appellee.
Before DOMENGEAUX, DOUCET and LABORDE, JJ.
DOUCET, Judge.
In this workmen's compensation case plaintiff claims he became disabled as a result of his chronic obstructive pulmonary disease. Although plaintiff had previously suffered from emphysema, he claims that the work environment at the Louisiana Pacific Corporation (defendant) plant where he worked caused his condition to become disabling. Plaintiff made claims for compensation benefits, but they were denied. Following trial, plaintiff was awarded compensation benefits, penalties and attorney fees. From that judgment defendant has perfected this suspensive appeal. We affirm.
The plaintiff began work at Louisiana Pacific in February of 1970. Prior thereto plaintiff never had experienced any problems with shortness of breath or pulmonary *1173 disease except for lung congestion associated with everyday ailments such as colds. However, six months after beginning his employment with defendant, plaintiff was diagnosed by Dr. Bernard Doughty as having emphysema. Presumably as a result of this newly acquired knowledge plaintiff quit smoking, but not until two years later. His pulmonary disorder not being disabling he continued to work for defendant until his discharge on September 18, 1980, at which time he was a plant manager at defendant's Urania, Louisiana plant. Appellant admits that plaintiff worked in an environment where there was dust, sawdust, glue fumes, and other potential lung irritants. In September of 1980 plaintiff became unable to perform his job duties without substantial pain, discomfort and disability as a result of chronic obstructive pulmonary disease. Plaintiff demanded workmen's compensation benefits. His employer denied benefits, contending that plaintiff's pulmonary emphysema is not an occupational disease within the ambit of Louisiana Workmen's Compensation law, and defendant maintains this position on appeal.
A trial was had on the matter and the trial judge resolved the conflict adversely to defendant, holding that the employee's disability, caused by a pulmonary disease, was "the result of long-term exposure at work to foreign matter in the air at the job site maintained by defendant in which plaintiff was employed." In accordance with his finding of a compensable total and permanent disability, the trial judge awarded plaintiff benefits at the rate of $163.00 per week from September 18, 1980, and further awarded plaintiff unpaid travel and medical expenses, penalties and attorney fees.
Defendant assigns as error the finding of a compensable disability, rejection of its claim for a credit for severance payments, and the award of penalties and attorney fees. Plaintiff has answered the appeal seeking an increase in attorney fees. Both parties submitted exceptional briefs in support of their respective positions.
We find no error in the trial judge's finding that deleterious substances in the work environment caused the plaintiff's pre-existing respiratory condition to worsen until he finally became disabled. Both Drs. Doughty and Alexandre Slatkin testified that the work environment was the single most important factor in the activation, aggravation and development of the plaintiff's pulmonary disease which eventually resulted in total disability. The record discloses that causes of plaintiff's disease are characteristic of the work environment maintained by defendant and the trier of fact believed plaintiff's disability attributable to same. Appellant contends that compensability is to be determined by the date upon which any abnormality is first diagnosed. We disagree. It is well established that one is not disabled if he is able to continue work. LaCoste v. J. Ray McDermott & Co., 250 La. 43, 193 So.2d 779 (1967); Vincent v. City of New Orleans, 326 So.2d 401 (La.App. 4th Cir. 1976); Fazande v. Continental Grain Co., 363 So.2d 1253 (La.App. 1st Cir. 1978). However, aggravation of a pre-existing physical deficiency is compensable. Berry v. Livingston Roofing Co., 403 So.2d 1247 (La.1981); Allor v. Beldon Corp., 393 So.2d 1233 (La.1981); Spillers v. Cities Service Co., 406 So.2d 269 (La.App. 3rd Cir. 1981) Docket No. 8422. Equally well settled is the jurisprudence of Louisiana that findings of the trial court are not to be disturbed in the absence of manifest error. Canter v. Koehring Co., 283 So.2d 716 (La.1973); Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). We accept the trial court's finding that the work environment triggered the onset of disabling symptoms. Regardless of which basis we posit our conclusion upon, there is a sufficient relationship between the plaintiff's employment and his disease that it is fair for the employment enterprise to bear the cost of his disability. Accord: Parks v. Insurance Company of North America, 340 So.2d 276 (La.1976), (respiratory difficulties aggravated by working conditions); Buse v. City of New Orleans, 349 So.2d 397 (La. App. 4th Cir. 1977) (on the job smoke inhalation changed employee's lung condition so *1174 as to render him disabled for further employment). Appellant also contends that plaintiff's discharge was not occasioned by disability but instead was due to the plaintiff's failure to follow the company's grievance procedure insofar as he submitted complaints about his supervisor directly to the latter's superiors. However, this contention is belied by the fact that the regional personnel manager listed plaintiff's illness as cause for discharge on the employee's application for disability insurance benefits. The trial judge made a factual finding that plaintiff's discharge was the result of disability and we will not disturb such findings and evaluations of credibility absent manifest error. The record fully supports the trial judge's conclusion.
Appellant's contention that it is entitled to credit for severance payments allegedly given in lieu of compensation is without merit. The extinguishment of an obligation in any matter is an affirmative defense and must be pled or it is lost. LSA-C.C.P. Art. 1005.
The trial court's determination that a refusal to pay benefits is arbitrary, capricious and without probable cause is partially a factual determination which will not be disturbed in the absence of manifest error. Cullivan v. Fish Engineering and Construction Co., 354 So.2d 597 (La.App. 3rd Cir. 1977). We find no manifest error in the award of penalties and attorney fees. The trial judge apparently accepted the position of plaintiff that numerous demands were made for compensation benefits, nonetheless Louisiana Pacific chose to disregard these claims, presumably for economic reasons. Even after requesting plaintiff to submit to a medical examination by an internist, Dr. Slatkin, and receiving the reports of same indicating that the work environment was significantly related to the disability, defendant refused to commence payment of benefits. The very purpose of the penalty provision is to discourage such an attitude of indifference toward the disabled employee.
Plaintiff has answered the appeal seeking an increase in the award of attorney fees. The factors usually taken into account are the degree of skill and ability exercised, the amount of the claim, the amount recovered for plaintiff, and the amount of time devoted to the case. The trial court did not abuse its discretion in fixing the fee at $3,000.00 considering the circumstances before it and the compensation awarded. Accordingly, an award of $500.00 is adequate compensation for services rendered on appeal.
For the reasons assigned, the judgment is affirmed.
AFFIRMED.