bCANNELLA, Judge.
Defendants, Allen Ritchey (Ritchey) and Ritchey & LeDoux Partnership, appeal from a judgment rendered in favor of plaintiff, Calais Square, Ltd. (Calais), ordering that a previous judgment rendered in favor of defendants against plaintiff be canceled and erased from the public records. For the reasons which follow, we affirm.
In December of 1989, Ritchey & LeDoux Partnership sued Calais on an open account for payment due for accounting services performed by the partnership for Calais. Robert L. Harger was the general managing partner of Calais at that time. Ultimately, a default judgment was entered on August 7, 1991 in favor of Ritchey & LeDoux Partnership and against Calais in the sum of $8,500 together with interest from the date of judicial demand, 25% attorney fees and costs. Thereafter, on July 20, 1992, management of Calais was taken over by L. Michael Palazzo (Palazzo).
^Subsequently, Ritchey & LeDoux Partnership was liquidated in proceedings entitled Allen D. Ritchey v. Ritchey & LeDoux, Certified Public Accountants and James P. LeDoux, Civil District Court for the Parish of Orleans, No. 93-12962. As a result, on August 29, 1996, the trial court ordered that all of the partnership receivables and work in progress be assigned to Ritchey. He subsequently recorded the judgment against Calais in the Jefferson Parish public records.
On July 2,1997 Calais filed suit for cancellation of the August 7, 1991 judgment claiming:
That upon information and belief, the indebtedness due the former entity by petitioner has otherwise been forgiven, erased and/or canceled; that, in the alternative, a novation has occurred.
After trial on the merits, the trial court rendered judgment in favor of Calais and against Ritchey ordering that the judgment be canceled and erased from the public records. In oral reasons for judgment the trial court stated that it found that the debt underlying the judgment had been forgiven by James P. LeDoux (LeDoux), that Ritchey had ratified the forgiveness of the debt and that there was consideration for doing so. It is from this judgment that Ritchey appeals.
On appeal Ritchey assigns five errors which can be consolidated into one primary argument: the trial court erred in finding that the debt underlying the August 7, 1991 judgment was canceled, forgiven or compromised. Ritchey asserts several issues in support of his argument.
In the first three issues raised by Ritchey, he argues that the trial court erred in finding that Calais had adequately proven the grounds for a nullity action.
liAs pointed out in brief by Calais and confirmed by the record, Calais has never asserted a nullity action. Any questions concerning the adequacy of proof in this record to support a nullity action are not before the court herein. We find no merit in Ritchey’s arguments on these points.
Similarly, in the next issue which Ritchey raises, he argues that the trial court erred in *1216 basing its judgment on evidence of a compromise of the debt upon which the judgment was based prior to rendition of the judgment. In other words, Ritchey argues that the judgment speaks for itself, negating any allegations of compromise that might have occurred before it was rendered.
While we agree with Ritchey on this point, it is not dispositive of the case before us. The trial court did find that the debt was compromised before the judgment was entered and questioned the ethics of taking a default judgment thereafter. However, the trial court went on to further find that the debt was again compromised after the judgment was rendered and that the act of forgiveness was ratified after the judgment. Therefore, the trial court judgment ordering the August 7, 1991 judgment canceled from the public records in not necessarily in error simply because the trial court found evidence of a compromise before the judgment was entered, where the trial court also found forgiveness of the debt after the judgment.
The main argument in Ritchey’s appeal concerns the adequacy of the proof that the debt was forgiven and that consideration was provided, for the forgiveness. In raising this argument, Ritchey takes issue with the trial court’s credibility determinations and factual conclusions based thereon.
It is well settled that, on appellate review of a factual determination, the reviewing court may not set aside the factfinder’s findings of fact in the absence of ^manifest error or unless they are clearly wrong. Also, where there is a conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. Rosell v. ESCO, 549 So.2d 840 (La.1989); Arceneaux v. Domingue, 365 So.2d 1330 (La.1978); Canter v. Koehring, 283 So.2d 716 (La.1973). The issue to be resolved by the reviewing court is not whether the trier of fact was right or wrong, but whether the factfinder’s conclusion was a reasonable one. Stobart v. State, Through DOTD, 617 So.2d 880 (La.1993).
When findings are based on determinations regarding the credibility of witnesses, the manifest error clearly wrong standard demands great deference to the trier of fact’s findings. For, only the factfin-der can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener’s understanding and belief in what is said. Canter, supra at 724; Virgil v. American Guarantee & Liability Ins. Co., 507 So.2d 825, 826 (La.1987); Boulos v. Morrison, 503 So.2d 1, 3 (La.1987); Williams v. Keystone General Contractors, Inc., 488 So.2d 999, 1001 (La.1986); Johnson v. Insurance Co. of North America, 454 So.2d 1113, 1117 (La.1984); Berry v. Livingston Roofing Co., 403 So.2d 1247, 1249 (La.1981); Crump v. Hartford Accident & Indemnity Co., 367 So.2d 300, 301 (La.1979).
In the instant case, Ritchey argues that LeDoux’s testimony, that the debt underlying the judgment was forgiven in June or July of 1992, should be discounted because bank records established that LeDoux submitted financial statements after that date which included the debt as an asset. We disagree.
LeDoux testified in detail about the arrangement that was made with [Calais, through the new managing partner Palazzo. The debt upon which the 1991 judgment was based had been incurred by Calais under the previous managing partner Harger. Because of the other outstanding partnership debts which primed the Ritchey and LeDoux debt and far exceeded the partnership assets, it was basically understood that the Ritchey and LeDoux debt was worthless. It would never be paid off if Calais went insolvent. Therefore, knowing that the debt was worthless, they attempted to make a new deal with Palazzo to recoup some of their losses. Pa-lazzo was in the process of taking over Calais and attempting to bring it back into a solvent state. To do so, Palazzo was in need of accounting services. He had spoken to another accounting firm and was negotiating with Ritchey and LeDoux. A deal was made whereby Palazzo agreed to use Ritchey and LeDoux for its accounting needs, at a lower than standard hourly fee, with the account being guaranteed by Palazzo personally. In *1217 exchange, Ritchey and LeDoux were going to forgive the earlier debt upon which the judgment was based, which was considered worthless anyway. However, it was also agreed that if for some reason Palazzo did not pay for these new services to be rendered, then the old judgment would stand and Ritchey and LeDoux would take their chances standing in line with the other Calais creditors in case the partnership assets were sufficient to cover their judgment.
As it turned out, Palazzo did turn Calais around. Ritchey and LeDoux billed and were paid for approximately $25,000 worth of accounting services. Calais was their largest client. The judgment was listed on the bank documents as an asset even after it was forgiven in case Calais did not succeed and Ritchey and LeDoux were to try and collect on it. LeDoux testified that he forgave the debt upon which the judgment was based. He also testified that Ritchey ^participated in these discussions and likewise agreed to forgive the debt. Palazzo confirmed LeDoux’s testimony on these points.
Ritchey testified that he did not know anything about forgiving the debt, that he did not participated in any discussions to that effect and that he did not ratify such an agreement. However, he did admit that approximately $25,000 worth of accounting services were provided to Calais for which they were paid. He also acknowledged that, although the judgment against Calais was entered in 1991, he made no attempt to record it until 1996.
It is obvious that the trial court was confronted with a credibility determination which was made in favor of Calais. After reviewing the record as a whole, we find no error in the trial court factual determination in that regard.
Finally, Ritchey argues that any agreement to forgive the debt should fall for failure of consideration. He contends that there is still an amount due for accounting services that were performed.
The trial court found that there was adequate consideration for the agreement to forgive the debt. The debt, which was basically worthless anyway, was to be forgiven in exchange for future accounting business, the payment for which was personally guaranteed by Palazzo. Other accounting firms were seeking Calais’ business and it was being promised to Ritchey and LeDoux. Indeed, the record shows that Ritchey and LeDoux did provide such accounting services, billed and were paid approximately $25,000 for those services. There may still be a small amount due which wasn’t billed or paid because the Ritchey and LeDoux partnership broke up. However, we find no error in the trial court determination that there was adequate consideration provided for the forgiveness of the debt, the bulk of which has been paid.
^Accordingly, for the reasons set out above, we affirm the trial court judgement ordering the 1991 judgment in favor of Rit-chey and LeDoux and against Calais canceled from the public records because it was forgiven and funds deposited in the registry of the trial court, with interest, turned over to or returned to Calais. Costs of appeal are assessed to Ritchey.
AFFIRMED.