746 So.2d 696 (1999)
SUCCESSION OF Claude Joseph WAGNER.
No. 99-CA-355.
Court of Appeal of Louisiana, Fifth Circuit.
October 13, 1999.
Writ Denied January 14, 2000.
Charles B. Mayer, Brien J. Fricke, New Orleans, Louisiana, for appellant The Succession of Claude Joseph Wagner.
Andree' Wagner Metairie, Louisiana, for appellee in proper person.
Nicolle Wagner Perniciaro, Cherie Wagner, Richard Wagner, Meraux, Louisiana, for appellees in proper person.
Panel composed of Judges H. CHARLES GAUDIN, JAMES L. CANNELLA and MARION F. EDWARDS.
CANNELLA, J.
The Succession of Claude Joseph Wagner (the succession) appeals from a trial court judgment finding that Andre Wagner (Andree) is a creditor of Gerald F. Wagner (Gerald), who renounced his father's, Claude Wagner's, succession and authorizing her to accept the succession to the extent of Gerald's past due child support and his portion of the minor children's medical expenses. For the reasons which follow, we affirm.
On June 22, 1990, Claude Joseph Wagner died intestate. He was married to Edith Massa Wagner (Edith), who survived him. There were three children born of this marriage: Gerald F. Wagner, Claude L. Wagner and Darlene Wagner Catania. Gerald F. Wagner was married to Andre Maduell Wagner. They had three children: Cheri Wagner, Richard Wagner and Nicole Wagner Perniciaro (the children). The marriage between Gerald and Andre ended in divorce on June 10, 1976. By judgment, Gerald was ordered to pay $300 per month in child *697 support and one-half of the children's medical bills. He did not make the payments as required by law.
Following his father's death, Gerald became increasingly ill. On September 14, 1992, Gerald, with the assistance of counsel, executed a Last Will and Testament and an Act of Renunciation of his father's, Claude's, succession. In the will, with the exception of a clock that he left to his daughter Nicole, Gerald left his children none of his estate.
Thereafter, on March 13, 1996, Edith was appointed administratrix of the succession. Andree, on July 23, 1998, and her children, on May 30, 1996, both filed petitions to annul Gerald's renunciation of his father's succession.[1] The children claimed that the renunciation was invalid due to a lack of mental capacity. Andree asserted that she was a creditor of Gerald's for past due child support and one half of the medical expenses for the minor children that he was ordered to pay pursuant to their divorce.
Following the completion of trial, delayed by disputes regarding the admissibility of certain hearsay evidence, the trial court made the following rulings: (1) Andree's motion to annul the renunciation by Gerald of Claude's succession was granted in part so as to allow Andree to assert her claim as a creditor, thereby accepting the succession, to the extent of the past due child support and medical expenses that Gerald owed her; (2) Andree's claims regarding partition of the community between her and Gerald were dismissed without prejudice; (3) the petition of the children to annul the renunciation by Gerald of Claude's succession was dismissed; and (4) costs were assessed against the administratrix of the succession. It is from this judgment that the succession has appealed.[2]
On appeal the succession contends that the trial court erred in allowing Andree to assert her claim as Gerald's creditor for the past due child support and medical expenses. The succession supports its contention on two grounds. First, it argues that Andree did not prove the elements of her claim as a creditor, by showing fraudulent intent in the renunciation and detriment to the creditor, which would entitle her to accept the succession in the amount of the debts. Second, the succession argues that any claims Andree might have had for past due child support and medical expenses have prescribed.
Andree responds that the claims have not prescribed because she was incapable of asserting them previously because of threats to her life by Gerald. Further, she argues that she has met her burden of proof as a creditor by showing that Gerald was otherwise insolvent, therefore she could not recover any amount from him, absent acceptance of Claude's succession. He renounced the succession to prevent her from recovering these past due child support obligations that he refused to pay during his lifetime.
It is well settled that, on appellate review of a factual determination, the reviewing court may not set aside the factfinder's findings of fact in the absence of manifest error or unless they are clearly wrong. Also, where there is a conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, *698 even though the appellate court may feel that its own evaluations and inferences are as reasonable. Rosell v. ESCO, 549 So.2d 840 (La.1989); Arceneaux v. Domingue, 365 So.2d 1330 (La.1978); Canter v. Koehring, 283 So.2d 716 (La.1973). The issue to be resolved by the reviewing court is not whether the trier of fact was right or wrong, but whether the factfinder's conclusion was a reasonable one. Stobart v. State through DOTD, 617 So.2d 880 (La. 1993). Thus, where two permissible views of the evidence exist, the factfinder's choice between them cannot be manifestly erroneous or clearly wrong. Stobart, supra.
When findings are based on determinations regarding the credibility of witnesses, the manifest error or clearly wrong standard demands great deference to the trier of fact's findings, because, only the factfinder can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener's understanding and belief in what is said. Canter, supra at 724; Virgil v. American Guarantee & Liability Ins. Co., 507 So.2d 825, 826 (La. 1987); Boulos v. Morrison, 503 So.2d 1, 3 (La.1987); Williams v. Keystone General Contractors, Inc., 488 So.2d 999, 1001 (La. 1986); Johnson v. Insurance Co. of North America, 454 So.2d 1113, 1117 (La.1984); Berry v. Livingston Roofing Co., 403 So.2d 1247, 1249 (La.1981); Crump v. Hartford Accident & Indemnity Co., 367 So.2d 300, 301 (La.1979).
After viewing the witnesses and considering the testimony, the trial court made a credibility call, finding that prescription had been interrupted by Gerald's acknowledgment of the debt. The court also found that, due to Andree's ongoing attempts to collect the past due child support and medical expenses, the renunciation was done with intent to defraud. Gerald's attorney testified that Gerald's debts exceeded his assets, supporting Andree's claim that she was prejudiced by the renunciation. Further, supporting the trial court determination that prescription had been interrupted, we note that Andree's contention that she was prevented from asserting her claims against Gerald for the support payments and medical expenses for their minor children by threats of violence were not rebutted.
Therefore, based on the forgoing, we cannot find that the trial court was manifestly erroneous or clearly wrong in ruling that Andree established the elements of her claim as a creditor of Gerald, entitling her to accept the succession which Gerald had renounced, to the extent of the debt which Gerald owed her.[3]
Accordingly, the judgment of the trial court is affirmed. Cost of appeal are assessed to the succession.
AFFIRMED.
NOTES
[1] Other pleading were also filed which are not pertinent to this appeal.
[2] The children have argued in brief on appeal that the trial court erred in dismissing the petition to annul the renunciation. Andree also argues in her brief on appeal that the trial court erred in dismissing her claims to community property. However, neither of these parties either appealed or answered the appeal. The filing of a brief on appeal does not satisfy the requirement that a party answer the appeal to preserve their right to appellate review. Arrow Fence Co., Inc. v. DeFrancesch, 466 So.2d 631 (La.App. 5th Cir. 1985), writs denied, 468 So.2d 575 (La.1985). Therefore, these issues, raised in brief only without appeal or answer to the appeal, will not be considered.
[3] The trial court reserved to Andree the right to prove the exact amount of the debt at a later hearing.