STOULIG, Judge.
This is an appeal from a judgment denying the workmen’s compensation claim of Loubie J. Champagne for maximum benefits he alleges are due for a job-connected injury that left him totally and permanently disabled from continuing in his occupation as a sheet metal foreman. We affirm.
Plaintiff testified the accident occurred on November 7, 1973 as he bent to write an identifying chalk mark on a cut section of pipe so it could later be reassembled properly. He said he felt a sharp pain in his back and he could not straighten up immediately. That same day he was examined by Dr. E. A. Bertucci at St. Bernard General Hospital and his condition was diagnosed as a severe paravertebral lumbar sprain. Bed rest and an analgesic were recommended; however, plaintiff continued performing the same duties until January 1, 1974. At that time he was eligible for retirement and he applied for his benefits.
Plaintiff testified that at no time after the accident was he free from pain but he continued working until his employer’s contract with Kaiser Aluminum was completed.[1] In January 1974 he testified that while lying in bed reading a newspaper, he was suddenly seized with excruciating back pain. A friend took him to Touro Infirmary, where he was treated by Dr. Harold Stokes, an orthopedist recommended by his own family physician. He was in pelvic traction for 16 days of his 23-day hospital confinement. While there, a myelogram was performed that failed to reflect clinical evidence of traumatic back injury. Dr. Stokes treated him as an outpatient and discharged him as being able to return to his regular duties as a foreman.
Dr. Stokes’ testimony is impressive. As treating physician, we accord his opinion great weight. Oliver v. T & C Contractors, 264 So.2d 225 (La.App.3rd Cir. 1972). In essence he states plaintiff has a degenerative lumbar disc that long predated the injury and that the two episodes of pain he experienced in November 1973 and January 1974 had subsided when Dr. Stokes discharged him on April 22, 1974. It was his opinion that the back problem that manifested itself on the job in November 1973 completely resolved itself and left plaintiff in no worse condition than he was in before the incident occurred. The trial judge’s reasons for judgment indicate that he too was impressed by the testimony of Dr. Stokes.
The conflicting medical evidence is set forth in an evaluation of plaintiff’s condition by Dr. Stuart Phillips, an orthopedist. After Dr. Stokes discharged the plaintiff in April 1974 as able to return to his regular job, at the suggestion of plaintiff’s attorney Champagne consulted Dr. Phillips, who then assumed the role of treating physician. Dr. Phillips related the disc problem to the industrial accident which was contrary to the opinion of plaintiff’s other expert.
Compensation benefits were paid until plaintiff’s doctor discharged him as able to return to work. Dr. Stokes was called as a witness for plaintiff and Dr. Phillips’ depo *1212 sition and reports were tendered to overcome the unfavorable opinion of plaintiff’s own treating physician. Under these circumstances, we find no merit in the complaints of error by appellant.
For the reasons assigned, the judgment appealed from is affirmed.

AFFIRMED.

. Plaintiff admitted while in the continued employ of the defendant after the accident, he did not complain to any of his bosses or fellow workers that he was in pain.