CURRAULT, Judge.
Plaintiff, Mary Wyman, was hired on December 31, 1978, to work in the linen room at West Jefferson General Hospital. She alleges in her suit that on March 5, 1980, during the course and scope of her employment, she slipped and fell backwards and that as a result of the fall she sustained injuries which caused her to be totally incapacitated to perform work for which she is reasonably suited. Subsequently, plaintiff amended her petition to allege that on some unspecified date prior to March 5, 1980, she injured her stomach muscles while performing her duties of lifting heavy linen.
This matter came to trial on September 21, 1981, and was taken under advisement by the court. Judgment was rendered on September 24, 1981, in favor of the defendants, West Jefferson General Hospital and Firemans Fund Insurance Company. It is from this judgment plaintiff now appeals.
As in other civil actions, the plaintiff in a workmen’s compensation proceeding must establish causation by a prepon *607 derance of the evidence. Thus the testimony, as a whole, must show that more probably than not the employment accident caused the disability. Gradney v. Vancouver Plywood Co., Inc., 299 So.2d 347 (La.1974); Jordan v. Travelers, 245 So.2d 151 (La.1971).
Here the record reflects that on March 3, 1980, two days prior to the accident complained of, the employee, outside the course and scope of her employment had fallen while running to catch a bus. This injury caused her to visit the emergency room of West Jefferson Hospital on March 4, 1980, complaining of a sore hip. It was on the following day, March 5, 1980, that plaintiff asserts she slipped and fell at work. However, this fall was not witnessed by any other employees and was not reported. On March 6, plaintiff did report to Dr. Schiro complaining of a tingling in the foot area and some backache. The doctor took a history from the plaintiff but his notes failed to indicate any discussion of a slip and fall. Dr. Schiro diagnosed scoliosis, curvature of the spine, and recommended her to Dr. Fleming, an orthopedist.
Dr. Fleming saw the plaintiff on March 11, 1980. The doctor testified the plaintiff stated she had been having difficulty with her back over a period of several years. She had noticed some increased discomfort in the right lower back and right buttock with radiation into the right thigh and calf. At that time she denied any trauma. She related she worked in the housekeeping department of West Jefferson General Hospital. She had not been lifting anything extremely heavy to her knowledge. Dr. Fleming noticed plaintiff had a three-quarter inch leg length discrepancy and diagnosed scoliosis as observed by Dr. Schiro. On a subsequent visit he learned plaintiff was diabetic and that she had clonus, a condition indicative of nerve irritation, and recommended hospitalization for further diagnosis. Although Dr. Fleming stated it was conceivable that a fall could have caused Ms. Wyman’s back problems, it was his impression that her back difficulties were chronic in nature.
Despite opportunity, the plaintiff did not notify the personnel department of West Jefferson General Hospital of her injury. Mr. Lynn Pickard, Personnel Manager of West Jefferson General Hospital, spoke several times with the plaintiff following her termination from the hospital and it was several weeks thereafter that he heard the first information regarding a possible accident.
Although the plaintiff testified her supervisor, Ms. Wilson, observed the fall and laughed at her, Ms. Wilson testified she saw no fall. The plaintiff asserted she also informed Mrs. Montelepre of her fall, but Mrs. Montelepre denied any such discussion.
The existence of the two hernias in December of 1980, some nine months after her discharge from West Jefferson General Hospital merits consideration. Dr. Schiro could only note that it was most probable that the hernias formed between October of 1979 and December of 1980. No exact causation was given by the doctor, only that hiatal hernias occurred generally in persons having a history of being overweight, having multiple children, having chronic lung disease and a chronic cough on heavy lifting. Plaintiff’s own testimony did not reflect that she found her job strenuous. Nor in outlining her duties with the housekeeping department did she note that she did any heavy lifting. Further, according to Dr. Fleming’s testimony, the plaintiff told the doctor she had no knowledge of lifting anything heavy.
On the question of causation, the finding of the trial judge must be given great weight. In Canter v. Koehring Company, 283 So.2d 716 (La.1973), the Supreme Court stated:
The reviewing court must give great weight to factual conclusions of the trier of fact; where there are conflicts in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed on review.
From our review of the record, we discern no adequate reason to disturb the trial judge’s finding of fact. The judgment appealed is accordingly affirmed.
AFFIRMED.