424 So.2d 429 (1982)
Rosemary MARTIN
v.
ROLLINS SERVICES INC. and XYZ Insurance Co.
No. CA 0043.
Court of Appeal of Louisiana, Fourth Circuit.
December 8, 1982.
*431 Garner & Munoz, John G. Munoz, Dan C. Garner, New Orleans, for plaintiff-appellee.
Jones, Walker, Waechter, Poitevent, Carrere & Denegre, Robert Henry Sarpy, Jr., Earl A. Bridges, Jr., New Orleans, for defendant-appellant.
Before REDMANN, BARRY and BYRNES, JJ.
BYRNES, Judge.
In this workmen's compensation case appellant, Rollins Services Inc., seeks reversal of a District Court judgment granting appellee, Rosemary Martin, death benefits in the amount of $51.40 per week for life or until remarriage. We affirm in part and amend in part.
Appellee was the common law wife of Gerald Cerf, the deceased. At the time of his death Cerf was employed by Rollins Services Inc. His duties consisted of cleaning and maintaining the rest rooms and shelters at the Audubon Park Zoo in New Orleans. He worked from approximately 7 A.M. to approximately 3:30 P.M. daily. In the evenings Cerf and the appellee cleaned the administration building at the park and he occasionally buffed floors at the Ramada Inn in the French Quarter.
On May 29, 1979 Cerf worked at the Park all morning, presumably engaged in his usual work activity. At about noon he went to Rollins' office to pick up a pay check. He appeared normal, but complained of a headache. When the appellee returned home at approximately 3:45 she saw the air conditioned van which Rollins supplied to Cerf parked at a peculiar angle in front of the house. She saw Cerf bent over the wheel, but assumed he was taking a mileage reading from the odometer as required by Rollins. Approximately one half hour later a neighbor's child knocked on the appellee's door and told her something was wrong with Cerf. She went to the van and discovered that Cerf was unconscious. He was taken by ambulance to Charity Hospital where he was diagnosed as suffering from heat stroke. He died the following night, never having regained consciousness. While no one knows with certainty what Cerf did from the time he picked up his pay check at noon until he was found slumped over the wheel of his van at approximately 3:45 that afternoon it is reasonable to conclude that he spent the time finishing up the work he had started that morning.
To recover workmen's compensation benefits in Louisiana a claimant must prove that the injury for which benefits are sought was sustained in an accident arising out of and in the course and scope of his employment. La.R.S. 23:1031. Heat stroke has been held to be a compensable injury in Louisiana. Warren v. Town of Winfield, 38 So.2d 171 (La.App. 2nd Cir.1949). Appellant does not dispute the lower court's finding that Cerf's injury fits the definition of accident set forth in La.R.S. 23:1021(1), nor does it contest the finding that the injury was suffered in the course and scope of Cerf's employment. The issues they raise on appeal centers on the sufficiency of the evidence that Cerf died of heat stroke and the existence of a causal connection between Cerf's employment and his injury.
As in all civil actions the plaintiff in a workmen's compensation case must establish causation by a preponderance of the evidence. Prim v. City of Shreveport, 297 So.2d 421 (La.1974); Wyman v. West Jefferson General Hospital, 416 So.2d 606 (La. App. 5th Cir.1982). This burden is met when the evidence, taken as a whole, shows that a causal connection between the employment activity and the injury is more probable than not. Jordan v. Travelers Insurance Co., 257 La. 995, 245 So.2d 151 (1971); Hall v. Great Atlantic and Pacific Tea Co. Inc., 297 So.2d 527 (La.App. 4th Cir.1974). It is not necessary to show that the injury was caused by unusual activities of the employee or that those activities were the exclusive cause of the accident. It is only necessary to show that the death or disability was caused or precipitated by the employee's usual and customary activities or other factors directly connected with his employment. Ferguson v. H.D.E. Inc., 270 So.2d 867 (La.1972). Nor is it required that *432 the claimant establish the exact cause of the injury in order to recover benefits; it is only necessary to show that somehow the work caused the accident. Lucas v. Insurance Company of North America, 342 So.2d 591 (La.1977). Malone & Johnson Workmens Compensation Sec. 252 P. 547 (2nd. ed. 1980).
In certain situations the plaintiff is aided in meeting his burden of proof by a presumption. That presumption is that if an otherwise healthy worker is injured by an accident at work it is presumed that the work activity caused the injury where medical testimony establishes a reasonable possibility of such a connection. Allor v. Beldon Corp., 393 So.2d 1233 (La.1981); Bertrand v. Coal Operators Casualty Co., 253 La. 1115, 221 So.2d 816 (1969), Malone & Johnson, Workmens Compensation; section 259, Page 572-73 (2nd. ed. 1980). When applicable, this presumption is not conclusive, but shifts the burden to the defendant to produce evidence sufficient to rebut it. In this case the appellee established that Cerf was healthy prior to his death. Thus the presumption of causation referred to above is applicable in this case.
The evidence relative to causation consisted entirely of the testimony of the following doctors: Dr. Jane Victoria Hoare, the senior resident in internal medicine and assistant chief resident for all of Charity Hospital at the time of Cerf's admission. She supervised Mr. Cerf's diagnosis and treatment at Charity; Dr. Ronald Guy, a second year resident when Mr. Cerf was admitted, and the doctor who made the initial diagnosis of heat stroke. It was Dr. Guy who called in Dr. Hoare to consult on the case; Dr. Richard Green, a practicing physician who was Board Certified at the time of Cerf's injury and had been asked by Rollins to review the medical records in the case and give an opinion as to the cause of death; and Dr. Richard McConnell, a specialist in emergency room medicine who reviewed the medical records and depositions of the other three Doctors and gave his opinion as to the cause of death. Except for Dr. McConnell, the testimony of all the Doctors was by deposition.
Doctors Hoare and Guy, who actually examined and treated Mr. Cerf, were of the opinion that he had died of complications resulting from heat stroke. Dr. Green examined the records from Charity Hospital but did not consult the depositions of Doctors Guy and Hoare, which explained the basis for their diagnosis. He was of the opinion that heat stroke was not the cause of death. He relied on the low ambient temperature and humidity on the date of the injury and the nature of Cerf's work activity as support for his negative diagnosis of heat stroke. He felt that the symptoms Cerf exhibited were more likely caused by a stroke, head injury, infection or even cancer. However, he acknowledged that Mr. Cerf's symptoms were also consistent with the diagnosis of heat stroke; although he clearly felt that, as a practical matter, the environmental factors referred to above ruled that diagnosis out. Dr. McConnell was of the opinion that there was not adequate proof to support a diagnosis of heat stroke. He and Dr. Green both speculated that other problems such as infections, stroke or head injury could exhibit similar symptoms. However, both admitted that the treating physicians at Charity Hospital, who had the opportunity to actually examine Mr. Cerf, were in a better position to accurately evaluate his condition.
On appeal Rollins maintains that the trial court erred in giving more weight to the testimony of Doctors Guy and Hoare than to that of Doctors Green and McConnell. We do not agree. When the opinion of medical experts differ, great weight is usually given to the opinion of the treating physician. Champagne v. Southwest Industrial Contractors, 343 So.2d 1210 (La.App. 4th Cir.1977). Moreover, the diagnosis and opinions of the treating physicians are entitled to more weight than that of physicians who examined the patient only for the purposes of consultation and litigation. Schouest v. J. Ray McDermott and Co. Inc., 411 So.2d 1042 (La.1982). This is especially true where, as here, the physicians consulted *433 for litigation do not even have the opportunity to examine the patient, but must base their opinion on medical records alone. In the present case, Doctors Green and McConnell did not categorically rule out heat stroke, but only expressed the opinion that, under the circumstances, other diagnoses were more likely. Having reviewed the medical evidence presented by both sides we cannot say that the trial court was clearly wrong in concluding that Cerf's death was caused by complications arising from heat stroke.
We further conclude that the appellant failed to adequately rebut the presumption that Cerf's work activity caused his death. While all the doctors agreed that a person doing the type of work Cerf performed in a climate similar to that on the day of his injury would not normally suffer a heat stroke, the two physicians who actually observed and treated Cerf were both of the opinion that he nonetheless suffered heat stroke and that this was the cause of his death. No evidence was offered by the appellant which would support the other causes of death put forward by Doctors Green and McConnell. The trial court made a factual determination that heat stroke was the cause of death and that there was a sufficient causal connection between Cerf's job activity and the heat stroke to entitle his common law widow to death benefits. Absent manifest error this court will not disturb reasonable inferences of fact made by the trial court merely because another result might also be reasonable. Champman v. Beldon Corp., 414 So.2d 1283 (La.App. 3rd Cir.1982). Accordingly, we affirm the trial court's ruling that the heat stroke which killed Cerf arose out of his employment for Rollins.
Appellant has also assigned as error the trial court's failure to state that the appellee would lose her rights to death benefits should she lose her status as a dependent. The trial court awarded benefits to the appellee for life or until remarriage. This is the correct standard to apply in the case of a surviving spouse. However, appellee is not the lawful surviving spouse of Cerf, she was his common law wife or, to use the Louisiana terminology, his concubine. The right of concubines to recover death benefits was established by the Supreme Court in Henderson v. Travelers Insurance Co., 354 So.2d 1031 (La.1978). That right appears to have been based on the court's classification of concubines as "other dependent members of the family", a category of claimants who are entitled to death benefits under R.S. 23:1232(8). If appellee is entitled to benefits as an "other dependent," her entitlement to death benefits continues "as long as [her] dependency shall exist or shall terminate upon [her] death", R.S. 23:1233, and would not terminate automatically on her "remarriage." The wording of R.S. 23:1233 would thus appear to create the questionable result that a concubine, as an "other dependent", could marry a man unable to support her yet continue to receive benefits, while a lawful wife would lose her benefits if she married such a man. The facts in our case, however, are that the concubine is not alleged either to have married or to have ceased to be dependent, and it is therefore not necessary at this time to decide which circumstances will terminate her benefits. Henderson's decree did not decide that question, and we deem it inappropriate to decide it in this case. Accordingly the judgment is hereby amended to delete termination on remarriage and to read, instead, that the award shall continue until terminated by law.
Finally we address the appellee's contention that she should have been awarded statutory penalties and attorney's fees as a consequence of Rollins' wilfull failure to pay compensation. R.S. 23:1201.2 provides for penalties and attorney's fees where an employer has arbitrarily, capriciously, or without probable cause failed to pay compensation. However, where the refusal is based on a good faith dispute as to the occurrence of the accident or its' causal connection with employment activity an award of penalties and attorney's fees is not justified. Dupre v. Sterling Plate Glass and Paint Co. Inc., 344 So.2d 1060 (La.App. 1st Cir.1977). McFarland v. Crowley Industries, *434 339 So.2d 861 (La.App. 3rd Cir.1976). Moreover, the trial court's determination of the right to penalties and attorney's fees is essentially a fact question and should not be reversed unless a review of the record indicates that the refusal was clearly wrong. Collins v. McDonald's Corp., 411 So.2d 611 (La.App. 1st Cir.1982). Having reviewed the record we find that there was a genuine dispute as to the cause of death and the relationship between that cause and the decedent's work activity. Thus we affirm the trial court's denial of penalties and attorney's fees.
The judgment of the lower court is hereby affirmed as to the appellee's right to death benefits, and amended to reflect that those benefits will terminate as provided by R.S. 23:1233.
All costs of this appeal are to be borne by the appellant.
AFFIRMED IN PART AND AMENDED IN PART.