425 So.2d 941 (1983)
Arthur L. FLOOD
v.
HUB AUTO PARTS, INC. and Peninsula Fire Insurance Company.
No. CA-0138.
Court of Appeal of Louisiana, Fourth Circuit.
January 10, 1983.
Writ Denied March 4, 1983.
*942 Joseph P. Williams, Jr., Metairie, for plaintiff-appellee.
James L. Donovan, Donovan & Lawler, A Professional Law Corp., Metairie, for defendants-appellants.
Before SCHOTT, CIACCIO and WILLIAMS, JJ.
WILLIAMS, Judge.
This appeal arises from a judgment in favor of plaintiff, Arthur L. Flood, against defendants-appellants, Hub Auto Parts, Inc., and Peninsula Fire Insurance Co., finding plaintiff totally and permanently disabled from a back injury, and awarding worker's compensation benefits in the amount of $120.00 per week commencing January 1, 1981. The judgment also provided all accrued amounts be paid in a lump sum, with legal interest from the due date of each past due installment until paid. Defendants were further ordered to pay plaintiff's medical expenses of $1,769.00, plus expert fees of $300.00, and all costs of the proceedings below. From this judgment, *943 defendants have suspensively appealed.
Plaintiff was employed by defendant, Hub Auto Parts, Inc., as a truck driver/delivery person. At the time of the alleged accident, plaintiff was approximately fifty-one years old and had worked for Hub Auto approximately sixteen months.
Occasionally, plaintiff helped out around the store when there were no deliveries to be made. On May 26, 1980, the date of the accident, plaintiff was at the store assisting his supervisor, Mr. Buck Suarez, unload a truck. The driver placed several cartons, weighing 10 to 30 lbs. each, on the tailgate of the truck. Plaintiff would either pick up each carton, or else one would be tossed to him, by Mr. Suarez, to be stacked on the floor. He had performed this operation on only three or four previous occasions during his employment with Hub Auto. Plaintiff did not remember feeling any pain or discomfort at the time of the unloading. Later that day at home, plaintiff experienced a sharp pain in his back as he arose from his chair to get a cup of coffee. Testimony by plaintiff indicated the pain was excruciating. The day after the incident plaintiff reported the injury to Mr. Suarez and also consulted Dr. Rudlof Spoerri, a chiropractor. Dr. Spoerri had x-rays made of plaintiff's back and these revealed a subluxation of the lumbar spine at the L4-L5 level. Plaintiff was under Dr. Spoerri's care until June 14, 1980.
Plaintiff returned to his job with Hub Auto but missed several days of work during the next five or six months. On November 13, 1980, plaintiff sought further medical attention including tests and treatment for back pain, at the Veteran's Administration Hospital in New Orleans. A myelogram performed on plaintiff indicated a herniated disc at the L4-L5 level. Plaintiff remained in the hospital until the middle of December 1980, when he was discharged. His employer, meanwhile, had hired another driver and plaintiff learned that he had been fired.
Plaintiff sought similar employment elsewhere in the city, but could not secure any. At one auto parts store he was turned down solely because he had had a back injury. Plaintiff has not worked since he was discharged from Hub Auto.
On November 25, 1981, plaintiff was seen and evaluated by Dr. Chisesi, an orthopedic surgeon. At trial, Dr. Chisesi concurred with the findings of the V.A. Hospital and Dr. Spoerri.
The issue presented on appeal deals solely with the trial court's evaluation of the credibility of the witnesses and evidence presented. Plaintiff alleges that he was injured while unloading a truck for his employer. Defendants contend that the injury could have occurred as a result of a variety of common activities in everyday life, some as simple as getting up out of a chair. The trial court concluded an injury did occur, and was sufficiently work-related to justify an award of worker's compensation. To reach this decision the trial court was required to resolve the following questions of fact:
1) Do we have a work-related activity in the present case; and,
2) If so, was plaintiff injured as a result of that accident/activity.
The trial court decided both questions in the affirmative.
In order to recover worker's compensation benefits in Louisiana a claimant must prove that the injury, for which benefits are sought, was sustained in an accident arising out of and in the course and scope of his employment. La.R.S. 23:1031.
As in all civil actions the plaintiff in a worker's compensation case must establish causation by a preponderance of the evidence. Prim v. The City of Shreveport, 297 So.2d 421 (La.1974); Wyman v. West Jefferson General Hospital, 416 So.2d 606 (La.App. 5th Cir.1982). This burden is met when the evidence, taken as a whole, shows that a causal connection between the employment activity and the injury is more probable than not. Jordan v. Travelers Insurance Co., 257 La. 995, 245 So.2d 151 (1971); Hall v. Great Atlantic and Pacific Tea Co., Inc., 297 So.2d 527 (La.App. 4th *944 Cir.1974). It is not necessary to show that the injury was caused by unusual activities of the employee or that those activities were the exclusive cause of the accident. It is only necessary to show that the death or disability was caused or precipitated by the employee's usual and customary activities or other factors directly connected with his employment. Ferguson v. H.D.E., Inc., 270 So.2d 867 (La.1972). Nor is it required that the claimant establish the exact cause of the injury in order to recover benefits; it is only necessary to show that somehow the work caused the accident. Lucas v. Insurance Company of North America, 342 So.2d 591 (La.1977). Malone & Johnson, Workmens Compensation Sec. 252 p. 547 (2nd. Ed. 1980).
Although only plaintiff and his doctor testified at trial, no error results in accepting only plaintiff's word of the injury, provided there is other credible corroborating evidence. Thompson v. Natchitoches Parish Hospital Service District, 335 So.2d 81 (La.App. 3d Cir.1976).
The determination of a causal relationship between a worker's employment and injury or death is a question of fact for the trial court. On appellate review this factual finding should not be disturbed when there is evidence before the court which, upon its evaluation of credibility, furnishes a reasonable factual basis for the trial court's findings unless those findings are clearly wrong. Crump v. Hartford Accident and Indemnity Company, 367 So.2d 300 (La.1979); Rivers v. Macco, 391 So.2d 873 (La.App. 4th Cir.1980).
The trial judge's findings on the question of causation must be given great weight. Gradney v. Vancouver Plywood Company, Inc., 299 So.2d 347 (La.1974); Thompson v. Natchitoches, supra. In Matte v. Power Rig Drilling Co., Inc., 260 So.2d 19 (La.App. 3d Cir.1972), a claimant had admittedly concealed his back injury from his foreman because he feared the loss of his job as a roughneck. The Third Circuit affirmed the trial court's determination that the injury was work-related. Great weight was attached to the trial judge's evaluation of credibility.
In the instant case, this court cannot conclude that the trial court was clearly wrong in its determination of a causal relationship between Mr. Flood's employment and his injury. Canter v. Koehring, 283 So.2d 716 (La.1973); Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). Our careful review of the record reveals ample evidence to sustain the lower court's decision.
For the foregoing reasons, the judgment and award of compensation of the trial court is affirmed. Costs of this appeal are to be borne by each party.
AFFIRMED.
SCHOTT, J., dissenting.
SCHOTT, Judge, dissenting:
Workers' compensation benefits are payable to an employee who is injured in a job related accident. R.S. 23:1031. R.S. 23:1021 provides the following definition of an accident:
"`Accident' means an unexpected or unforeseen event happening suddenly or violently with or without human fault and producing at the time objective symptoms of an injury."
In order for plaintiff to recover in this case he had to prove that he had an accident on the job, but there is no such evidence whatsoever. The only accident plaintiff testified about was the one which occurred in his own home long after his work day was completed. He attempted to relate this incident to his work activities during the day but did not even pretend that there was an accident on the job. He had been unloading some rather light boxes during the day but never felt any pain at this time.
Dr. Chisesi did not supply this missing evidence of an accident. He examined plaintiff 18 months after his injury and speculated as to a possible connection between what plaintiff was doing during his work day and the accident plaintiff had after working hours in his home. Interestingly, Dr. Chisesi stated on cross examination *945 that he originally made this connection because of his impression that plaintiff felt some pain on the joban impression that was clearly erroneous. His testimony on redirect examination was that anything is possible and a connection between his work and his accident at home was a reasonable possibility.
There are compensation cases in which awards were made where medical testimony established a reasonable possibility of a connection between a work related accident and a subsequent disability, as in Allor v. Belden Corp., 393 So.2d 1233 (La.1981) and Bertrand v. Coal Operators Casualty Co., 253 La. 1115, 221 So.2d 816 (1969), but in these cases plaintiff proved that there was an on the job accident with legal certainty. The proof was not merely that such an accident was possible. Previous cases have never relieved the plaintiff of the obligation to prove an on the job accident as a prerequisite for recovery of compensation benefits.
Although we must, on appellate review, defer to the trial judge on findings of fact and inferences to be drawn therefrom this is not to say that a trial judge may find facts which are not contained in the record. He may not produce an accident from sheer speculation when the plaintiff himself was unaware of any and no witness testified as to one having occurred on the job.
This is not a simple case of fact review. The trial court should be reversed because this plaintiff is not entitled, as a matter of law, to recover where he had no accident on the job.