WATKINS, Judge.
This is a tort and workmen’s compensation claim instituted by the plaintiff against the following defendants: Dibert, Bancroft & Ross Company, Ltd. (Dibert), the plaintiff’s employer;. Mr. John Ross, individually, as president and general superintendent of Dibert; X Y Z Insurance Company; Environmental Protection Agency (EPA); and Occupational Safety and Health Administration (OSHA). The plaintiff alleges he sustained work-related accidents in February and March 1978, consisting of heavy metal poisoning which disabled him and rendered him unable to work. The plaintiff is seeking damages, workmen’s compensation, and statutory penalties and attorney’s fees. EPA and OSHA were dismissed for lack of subject matter jurisdiction, and because they were improper party defendants. It appears from the record that the plaintiff abandoned his tort claim and his claims against the other defendants, and this case was tried solely as a workmen’s compensation claim against Dibert. The trial court awarded judgment in favor of the plaintiff and against the defendant for workmen’s compensation at the rate of $129.84 per week for 130 weeks, the length of time it took the plaintiff to rehabilitate himself into another employment. Legal interest and costs were also assessed against the defendant, and the plaintiff’s claim for statutory penalties and attorney’s fees was denied. The defendant appeals. We affirm.
The record shows that the plaintiff began to work for the defendant in 1967 and continued to do so until February, 1978. The plaintiff was employed as a core maker and worked in the smelting area where scrap iron was unloaded from rail cars into large hoppers for melting and reducing to ingots. The plaintiff testified that the fumes and the dust were so thick at times that he could not see his fellow workers next to him. At these times he could actually taste the fumes in his mouth.
During the latter part of the summer of 1977, while he was in the employ of the defendant, the plaintiff became weak and nauseous, with vomiting, diarrhea and passing out spells. In November of 1977, the plaintiff sought medical assistance, and was admitted to Hood Memorial Hospital for tests. The medical examination revealed elevated levels of zinc and cadmium. The zinc levels were more than two times above normal levels, and the cadmium levels were ten to sixteen times above normal levels. The discharging diagnosis was acute gastroenteritis resulting from heavy metal poisoning.
The plaintiff attempted to return to work and again experienced the same symptoms. He left the employ of the defendant, and sought other work. According to the plaintiff’s testimony, he was not fit or qualified to work at any job comparable to the one he previously held. He therefore attended Hinds Jr. College in order to become qualified to earn a salary similar to what he was paid before he was poisoned by heavy metal.
*947 On appeal, the defendant contends first that no accident occurred within the contemplation of the Louisiana Workmen’s Compensation Statute. Second, the defendant contends no casual connection was established between the alleged accident and the plaintiff’s illness.
The terms “accident” and “injury” appearing in LSA-R.S. 23:1021(1) and (6) must be interpreted liberally in favor of the injured employee. LSA-R.S. 23:1317; Geist v. Martin Decker Corporation, 313 So.2d 1 (La.App. 1st Cir.1975). When the performance of the usual and customary duties of a workman cause or contribute to a physical breakdown, the statutory requirements for an accidental injury are present. Ferguson v. HDE, Inc., 270 So.2d 867 (La.1972).
In the case at hand, in the performance of his usual and customary duties, the plaintiff was required to work with fumes so thick he could not see, and so thick he could literally taste them. When he was removed from work conditions on two occasions, (1) when he was hospitalized and (2) when he left the defendant’s employment permanently, his condition improved dramatically. The plaintiff worked with smelting scrap iron, the chemical components of the individual pieces of scrap iron presumably being unknown. The plaintiff was poisoned by two metals, zinc and cadmium, both of which may have been in the scrap iron.
The plaintiff has relied upon circumstantial evidence to prove his case. To meet the burden of proof required in civil cases, the circumstantial evidence need not negate all other possible causes, it need only prove the causal relationship to be more probable than not. Vonner v. State Department of Public Welfare, 273 So.2d 252, at 255 (La.1973). The test of sufficiency for direct or circumstantial evidence is whether, taken as a whole, such proof shows that fact or causation sought to be proved is more probable than not. Jordan v. Travelers Ins. Co., 257 La. 995, 245 So.2d 151 (1971).
We find that the evidence preponderates that the metal poisoning suffered by the plaintiff was precipitated by the conditions under which he worked, and the trial judge was not clearly wrong in arriving at that conclusion. The factual findings of the trial judge should not be disturbed on appeal when there is evidence properly before the court, which furnishes a reasonable factual basis for the trial judge’s findings, unless those findings are clearly wrong. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978); Canter v. Koehring Company, 283 So.2d 716 (La.1973). Here, we find the trial judge had evidence properly before him to find that the metal poisoning suffered by the plaintiff was an accidental injury contemplated by the Workmen’s Compensation Act, and was sustained during the course and scope of plaintiff’s employment.
Accordingly, the judgment of the trial court is affirmed in all respects. Defendant to bear all costs of this appeal.
AFFIRMED.