437 So.2d 347 (1983)
Lutches D. SINGLETON, Plaintiff-Appellant,
v.
BUSHNELL & COMPANY, Defendant-Appellee.
No. 15530-CA.
Court of Appeal of Louisiana, Second Circuit.
August 15, 1983.
*348 Brittain & Williams by Joe Payne Williams, Natchitoches, for plaintiff-appellant.
Hicks & Brown by Donald R. Brown, Alexandria, for defendant-appellee.
Before PRICE, MARVIN and SEXTON, JJ.
PRICE, Judge.
This is a worker's compensation suit in which the claimant appeals the trial court judgment holding that he is not entitled to disability benefits for the period in which he returned to his regular employment following his injury, and denying his claim for penalties and attorney's fees.
On May 5, 1982, in the course of his employment with Pardue Timber Company, claimant Lutches Singleton was struck on the right side of his head by a falling tree. As a result of this accident, he sustained severe lacerations and began to experience severe headaches, dizziness, numbness and pain in his right arm, and vision problems.
Plaintiff was originally treated by Dr. John Robinson, a general physician who sutured his lacerations and pronounced him able to return to work on May 17, 1982. He returned to work for Pardue Timber Company, but testified at trial that he continued to experience the headaches and dizziness. His employment with Pardue was terminated on July 23, 1982, as the result of an incident unrelated to this suit.
Plaintiff thereafter began seeing another general physician, Dr. Raymond Dennie, who hospitalized him from July 27 to August 3, 1982, for treatment to alleviate the headaches and for further testing to determine the exact underlying cause of the symptoms. It should be noted that this claimant is difficult to examine and treat because he was born a deaf mute and has *349 received no education or formal training in traditional sign language. He has evolved his own form of communication with his family and communicates with others through their interpretation.
The plaintiff was placed on various medications to help relieve his pain, and at the time of trial Dr. Dennie had determined to refer him to a neurologist for further examination. Dr. Dennie was of the opinion that claimant is totally and permanently disabled as a result of the May 5, 1982 accident. The case was held open after trial for the admission into evidence of the report of Dr. Arsham Naalbandian, the neurologist who subsequently examined the plaintiff. He concurred with Dr. Dennie that the plaintiff was unable to return to work, although no specific cause for the problems could be diagnosed upon the first examination.
The trial court held that plaintiff is disabled as a result of the May 5, 1982 injury. He found as a fact, however, that he was not disabled during the two month period in which he returned to work following the accident, but experienced a progression of symptoms culminating in a definite disability by July 27, 1982, the date on which he was hospitalized. He further found that the failure of defendants to pay compensation and expenses was not arbitrary or capricious and denied plaintiff's demand for penalties and attorney fees.
The claimant's disability is not at issue on appeal. Plaintiff contends the trial court erred in allowing defendants a credit for the period in which he returned to work following the injury. We recognize that, where a disabled employee returns to his former employment despite his disability, the rule is that the employer is entitled to no credit for the wages paid where they are fully earned. Futrell v. Hartford Accident and Indemnity Company, 276 So.2d 271 (La. 1973); Mayes v. Louisiana-Pacific Corporation, 379 So.2d 46 (La.App. 3d Cir.1979), writ denied, 381 So.2d 1232 (La.1980).
There is no doubt in the instant case that the claimant fully earned the wages he received for his labors from May 17, 1982 to July 23, 1982. However, the trial court did not allow a credit for these wages as plaintiff contends. It simply held he was not entitled to compensation benefits for total disability during this period. He obviously felt that the difficulty experienced by plaintiff in performing his labor at that time was not substantial enough to preclude him from employment. Thus he would not be entitled to benefits. See Lattin v. Hica Corporation, 395 So.2d 690 (La.1981); Wilson v. Ebasco Services, Inc., 393 So.2d 1248 (La.1981). In light of plaintiff's release by Dr. Robinson, his failure to complain of difficulty in performing his work duties to his employer or coemployees, and his failure to seek further medical treatment during this time, we see no clear error in the trial court's holding.
Plaintiff further contends the trial court committed error in finding that defendant was not arbitrary and capricious in refusing to pay benefits, and thus not liable for penalties and attorney fees. He argues that the employer was not entitled to rely upon the positive medical report by Dr. Robinson that plaintiff could return to work, and should have reinstated benefits upon receipt of Dr. Dennie's report indicating that he remained disabled, relying on Walker v. Gaines P. Wilson and Son, Inc., 340 So.2d 985 (La.1976).
It is well settled that the statutory provision authorizing assessment of penalties and attorney fees against an employer whose failure to timely pay benefits is found to be arbitrary, capricious, or without probable cause is penal in nature. It is to be strictly construed and the stipulated sanctions should be imposed only in those instances in which the facts negate probable cause for non-payment. Crawford v. Al Smith P. & H. Service, Inc., 352 So.2d 669 (La.1977).
The trial court's determination of the right to penalties and attorney's fees is essentially a fact question and should not be reversed unless a review of the record indicates that the refusal of the award was clearly wrong. Where the circumstances of *350 the case exhibit a good faith dispute between the parties concerning the compensability of plaintiff's claim, failure to timely commence payment of benefits is not arbitrary, capricious, or without probable cause. See Martin v. Rollins Services Inc., 424 So.2d 429 (La.App. 4th Cir.1982); Urbina v. Alois J. Binder Bakery Inc., 423 So.2d 765 (La.App. 4th Cir.1982).
The Supreme Court in Walker, supra, stated that an employer may not avoid penalties for arbitrary non-payment solely on the basis of its reliance on an initial optimistic medical report. Such reliance must be in good faith and show probable cause for refusal to pay in light of the later information.
Rockwood was notified of plaintiff's hospitalization of July 27 on July 29, 1982. Plaintiff's employer submitted the hospital bill to the insurer through his insurance agent. The defendant chose to simply ignore the bill, maintaining there was no connection between it and plaintiff's previous injury. Defendant's claims adjuster, Mr. Mink, testified he never tried to check the hospital records nor did he contact Dr. Dennie to determine whether the hospitalization was related to the accident. Even after receiving a report on plaintiff's treatment from Dr. Dennie, defendant steadfastly refused to pay plaintiff's medical expenses and failed to make any further investigation to determine its liability for these expenses.
In our view, this failure to make further inquiry with regard to the claimant's medical bills portrays just such an attitude of indifference as the penalty provision is intended to discourage. See Antilley v. Sentry Ins. Co., 426 So.2d 1370 (La.App.3d Cir. 1983); Alexander v. Department of Culture, etc., 410 So.2d 1286 (La.App.3d Cir. 1982). This court finds Rockwood's refusal to pay plaintiff's hospital expenses, which remained unpaid at the time of trial, arbitrary and capricious and reverse the holding of the trial court in this respect. Claimant is entitled to an award of attorney's fees and statutory penalties on $1,454.20 in unpaid medical expenses. See also Andrews v. Pine Hill Wood Co., 426 So.2d 196 (La. App.2d Cir.1982).
In light of the difficulty involved in representing this client, a deaf mute, and the work done on appeal, we assess attorney's fees at $3,500.
We cannot say, however, that the trial court was clearly wrong in concluding that defendant was not arbitrary and capricious in refusing to pay disability benefits. The record shows plaintiff returned to work when released by Dr. Robinson and worked several weeks without complaining of his difficulties to his employer. He sought no medical treatment during this period. Furthermore, there were conflicting medical opinions from physicians who were both in the field of family practice, and plaintiff had not been examined by a neurosurgeon at the time of trial. Under the circumstances, the trial court's finding is amply supported by the evidence.
For the reasons assigned, the judgment appealed is reversed with respect to statutory penalties and attorney's fees, and judgment is awarded in favor of plaintiff, Lutches D. Singleton, and against defendant, Rockwood Insurance Co., in the amount of 12% statutory penalties on $1,454.20 in medical expenses ($174.50), together with $3,500.00 in attorney's fees. In all other respects, the judgment of the trial court is affirmed.
REVERSED and RENDERED.