WATKINS, Judge.
This is a suit for workers’ compensation benefits brought by Cynthia Patín Matthews against Allied Chemical Corporation for alleged total and permanent disability in connection with a lung condition. The trial court rendered judgment for defendant, Allied Chemical. We affirm.
Mrs. Matthews worked for Allied Chemical as an operator technician in Allied Chemical’s plant at Geismar, Louisiana. The plant emits chemical fumes such as ammonia and acid. She became short of breath and anemic and consulted the company physician, Dr. A.R. Cronan, Jr., and her family physician, Dr. Victor Harvey. These initial visits occurred in January and February, 1981. Mrs. Matthews was referred to Dr. Louis F. Hargus, an internist, by Dr. Harvey, who hospitalized her, upon the belief that she suffered from sarcoido-sis. Dr. Hargus called in Dr. Thomas T. Thigpen, an internist with a sub-specialty in pulmonary diseases. A mediastinoscopy was performed, which entailed examination of a lymph node, which was inflamed by the sarcoidosis. Also, it was found that Mrs. Patín had a low count of both red cells and white cells in her blood, which condition was corrected by the ingestion of iron. All doctors except Dr. Thigpen advised *153 Mrs. Matthews not to return to work in an environment with fumes, as she complained of shortness of breath when exposed to chemical fumes.
The cause of sarcoidosis, which affects the lymph nodes above the lungs, appears to be unknown to the medical profession, although certain facts are known about the disease, such as the fact that it is found in certain families related by blood more than others. The evidence is overwhelming that Mrs. Matthews suffers from sarcoidosis, which may be accompanied by asthma or bronchitis. However, the precise diagnosis, the sarcoidosis, is uncertain, and sarcoi-dosis is of unknown cause.
The plaintiff in a workers’ compensation case must establish causation by a preponderance of the evidence. The claimant is not required to establish the exact cause of injury in order to recover benefits; it is only necessary to show that somehow the work caused the accident. Lucas v. Insurance Co. of North America, 342 So.2d 591 (La.1977); Flood v. Hub Auto Parts, Inc., 425 So.2d 941 (La.App.4th Cir.1983), writ denied 429 So.2d 158 (1983). However, it is well established that the trial court’s findings on the question of causation must be given great weight and will not be upset unless they are clearly wrong. Gradney v. Vancouver Plywood Co., Inc., 299 So.2d 347 (La.1974); Flood, supra, Cf. Canter v. Koehring Company, 283 So.2d 716 (La.1973); Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). Although we sympathize with Mrs. Matthews and gather from the physicians’ testimony that research into sarcoidosis has not yet established a precise cause of the condition, still from a legal point of view, we cannot say that the trial court was clearly wrong in finding as it did in written reasons for judgment that causation had not been established. Because a causal connection between Mrs. Matthews’ employment and her pulmonary condition was not established by a preponderance of the evidence, we cannot reverse the judgment of the trial court in refusing to direct the payment of workers’ compensation benefits.
The judgment of the trial court is affirmed at appellant’s cost.
AFFIRMED.