CURRAULT, Judge.
This appeal originates in the Twenty-Fourth Judicial District Court, Division “C”, wherein the Honorable Joseph F. Gre-fer rendered judgment in favor of plaintiff and against defendants granting plaintiff worker’s compensation benefits. We affirm.
Martin Mayeur underwent a bilateral L-4-5 discectomy on October 30, 1975, performed by Dr. John Schuhmacher. He was discharged on February 2, 1976 as fully recovered and able to work.
Mr. Mayeur subsequently began his employment with American Cyanamid in August, 1978. On September 9, 1981, while working with an acid-loading arm, he suffered an injury which was diagnosed on October 26, 1981 by Dr. Schuhmacher to be an acute lumbrosacral strain. Mayeur was treated conservatively and discharged for work on November 16, 1981.
Mr. Mayeur’s work history was uneventful until Friday, October 29, 1982. On this date, he reported to work at 6 a.m., relatively healthy and pain-free. He then worked his regular twelve-hour shift as an “acid loader” during which he used a loading arm to fill two truck tanks. After work, Mayeur returned home to a quiet evening, eventually retiring at approximately 10:30 p.m.
The next morning, Saturday, Mr. Mayeur awoke with pain in his right thigh that he described as a hamstring pull. He restricted his activities until Tuesday, November 2, 1982, when he was to report back to work at 6 p.m. However, during that day prior to going to work, Mayeur phoned Dr. Albert, American Cyanamid’s plant physician, and requested that medication be left at the plant’s gate to help alleviate his pain. Upon reporting to work for the night shift, Mayeur picked up the medication and went on to work. That night, plaintiff told his immediate supervisor, Rene Claudet, that he was experiencing pain but continued to work.
Continuing to have pain, Mayeur went to see Dr. Marshall Book, an orthopedic surgeon who saw plaintiff twice: November 9, 1982 and November 15, 1982. Dr. Book’s diagnosis was a herniated nucleus pulposus (disc) with sciatica. Mayeur was treated conservatively but did not respond. Because the pain became progressively worse, he called but did not report to work on November 16, 1982.
Mr. Mayeur was then seen by Dr. Schuh-macher in the emergency room of East Jefferson Hospital on November 20, 1982. He was immediately admitted and treated with traction, physical therapy and medication for a possible recurrent lumbar disc. However, after only improving minimally, a lumbar myelograph was performed and the findings of that myelograph were consistent with a ruptured L-5, S-l disc. So on December 2, 1982, a lumbar discectomy was performed by Dr. Schuhmacher with a finding of a ruptured disc and free frag- *594 merit at L-5, S-l on the right. Mr. May-eur’s postoperative recovery went extremely well and he was subsequently discharged on the fourth postoperative day.
As of March 14, 1983, Dr. Schuhmacher was of the opinion that Mr. Mayeur had reached maximum medical improvement and discharged him with a 15-20 percent permanent, whole-man physical disability rating, but being able to return to gainful employment as of March 21, 1983, with limitations which required no lifting, pulling or pushing of weights in excess of 50 to 75 pounds. Mayeur was not taken back at American Cyanamid and was not paid compensation because, during the course of this episode, Mayeur had failed to relate his injury to his work.
Martin Mayeur then filed a worker’s compensation suit against his former employer, American Cyanamid Company, and their compensation insurer, Insurance Company of North America. A trial on the merits was held September 12, 1983, resulting in judgment in favor of plaintiff and against defendants, granting plaintiff worker’s compensation benefits for a work-related injury producing temporary total disability during the period from November 16, 1982 through March 21, 1983, and for partial permanent disability commencing March 21, 1983. On January 9, 1984, defendants’ motion for a new trial was denied and all parties then appealed.
Defendants are asserting as their only specification of error that the trial court erred manifestly in finding that the plaintiff, Martin L. Mayeur, sustained a new employment accident that is compensable under the Louisiana Worker’s-Compensation law while in the course and scope of his work with American Cyanamid Company on October 29, 1982.
Defendants’ primary argument on appeal is that plaintiff failed to establish that he had indeed suffered any work-related “accident” as required by the Louisiana Worker’s Compensation Act. More specifically, defendants complain that plaintiff’s version of any purported accident is lessened because plaintiff failed to report any accident to his supervisor, Rene Claudet, and further did not relate his pain to an on-the-job accident to Dr. Albert, the plant physician, when plaintiff sought medication from him. Furthermore, defendants attack plaintiff’s claim because when plaintiff filed his claim with American Cyanamid’s group health insurer, he indicated that his injury was not work-related.
A plaintiff in a worker’s compensation case must establish causation by a preponderance of the evidence which, when taken as a whole, shows that a causal connection between the employment activity and the injury is more probable than not. Wyman v. West Jefferson General Hospital, 416 So.2d 606 (La.App. 5th Cir.1982). However, it is not necessary that plaintiff prove his disability resulted from a sudden, unexpected traumatic event, i.e., accident. Plaintiff need only show by a preponderance of the evidence that his disability was caused by a work activity which can be gradual and progressive in nature. Loyd v. Ecko Fabricating Company, Inc., 433 So.2d 1063 (La.App. 5th Cir.1982). More specifically, in order to recover, it is only necessary for plaintiff to show that his disability was caused or precipitated by his usual and customary activities or other factors directly connected with his employment. Flood v. Hub Auto Parts, Inc., 425 So.2d 941 (La.App. 4th Cir.1983).
The manifest error rule is applicable to the appellate review of worker’s compensation cases and such cases will not be disturbed where there is evidence before the trier of fact which, upon the latter’s reasonable evaluation of credibility, furnishes a reasonable, factual basis for such factual findings, unless shown to be clearly wrong. Guerrero v. Tico, 436 So.2d 1237 (La.App. 5th Cir.1983); Perrilloux v. Godchaux-Henderson Sugar Co., Inc., 436 So.2d 1325 (La.App. 5th Cir.1983).
The trial court, in its well articulated reasons, found that plaintiff was “involved in a work-related activity and was injured as a result of that activity.” The trial court, basing its judgment on the credibili *595 ty of plaintiff and supportive testimony of the doctors, concluded:
“In the case at bar, the Court must rely heavily upon the claimant, Mr. May-eur, to establish the occasion on which he was injured. Louisiana jurisprudence has recognized that the testimony of the plaintiff standing alone may be sufficient to establish the happening of an accident provided his statements are supported by the surrounding circumstances. (Citation omitted). Two essential elements must be present for acceptance of the claimant’s testimony as persuasive. First, there must be no other evidence sufficient to discredit or cast serious doubt upon the claimant’s version of the event. And, second his testimony must be corroborated by the circumstances following the event.
“No evidence was adduced at trial sufficient to cast suspicion upon Mr. May-eur’s account of his October 29, 1982 incident at work. Although Mr. Mayeur did not file a formal complaint of injury he did discuss his physical discomfort with his co-worker, Mr. Claudet, soon after the incident. Mr. Claudet testified that he saw Mayeur limping, and that subsequent to the October 29, 1982 shift Mr. Mayeur did not continue to work as he had prior to that date. Furthermore, Mr. Mayeur is deemed to be a credible witness. There were no inconsistencies in his testimony. The fact that Mr. May-eur did not specifically inform the doctors that his injury was work related is not conclusive that it was not. It is the opinion of this Court that due to the nature of the injury, Mr. Mayeur was uncertain and unaware of the linkage between his injury and his work activities. The conclusion drawn by Dr. Albert that since the injury was not reported according to company policy, it was not work related, does not sound in medical principle and was not considered probative on the issue.
“In the instant case, Mr. Mayeur’s testimony is also, corroborated by the testimony of Dr. Book and Dr. Schuhmacher. Both testified that the activities in which Mr. Mayeur was engaged in could cause such resulting injury. On this point, the Court must also look to another factor in determining plaintiff’s case. Specifically, Mr. Mayeur’s past medical history. Louisiana Courts have firmly established that the employer must take the worker as he finds him. The worker who is unusually susceptible to disability is entitled to the full protection of the compensation statute, even though the same accident would have caused little or no harm to a healthy worker. Mr. Mayeur’s medical history reveals prior experiences of back problems. Specifically, he had a laminectomy which was performed by Dr. Schuhmacher approximately 6 years before this incident and the back strain of September 9, 1981, which was deemed to be a work related injury at that time. Even though neither doctor related Mr. Mayeur’s present disability with the incident on September 9, 1981, the facts do indicate a weakening and predisposition to injury.
“The surrounding circumstances in the instant case substantiate petitioner’s claim as to the occurrence of an ‘accident’ under the Workmen’s Compensation Statute. Furthermore, the evidence reveals that petitioner was in fact injured and that said disabling injury was caused by petitioner’s work-related activities. Accordingly, petitioner has sustained his burden of proof by a preponderance of the evidence.”
In reviewing the instant case in its entirety, although appellant argues reasonable minds could conclude differently, we find the trial court has made a sound evaluation of credibility which is amply supported by a judicious factual basis. Accordingly, the judgment appealed is not manifestly erroneous (clearly wrong).
Plaintiff cross-appealed, asserting that the district court below erred in holding that plaintiff’s claim for the September 9, 1981 accident had prescribed. This contention is meritless.
*596 The instant action was filed in May, 1983, well over 20 months after the lumbar strain occurred on September 9, 1981. That incident has prescribed on its face especially in light of the fact plaintiff was treated, released fully recovered and compensated by defendants.
Accordingly, for the above stated reasons, the judgment appealed from is affirmed at appellants’ cost.
AFFIRMED.