WILLIAMS, Judge.
This is an appeal from a decision of the trial court finding defendant Martin Marietta Corporation liable to plaintiff Errol A. Brown for workers’ compensation benefits for partial disability. Attorneys’ fees and 12% penalties were also assessed. It is from this judgment that defendant appeals.[1]
Plaintiff was referred to a neurologist, Dr. Maria Palmer, in January, 1977, by a student practitioner, Dr. Don Bradke, because he had several neurological complaints. At that time, plaintiff was an electrician working with Martin Marietta. He had been complaining of dizziness and pain and numbness on his left side. During a series of tests, it was determined that plaintiff had non-specific chronic hepatitis. Dr. Palmer had no opinion as to the cause. Dr. Bradke, who has no special training in gastroentology, (although otherwise stated in the trial court’s reasons for judgment), testified that he felt plaintiff’s hepatitis was chemically induced.
Plaintiff testified that he worked around chemicals in his job with Martin Marietta in its Thermal Protective Systems Department, and had, in one instance, been accidentally sprayed with chemicals. No testi *616 mony or evidence was introduced as to the kinds and amounts of chemicals with which he worked.
Dr. Vernon Fagen, physician for Martin Marietta testified that, according to plaintiffs medical records, he had never worked with chemicals. E.J. Horack, manager of the program (T.P.S.) of Martin Marietta in which plaintiff worked, testified that his work records indicated that plaintiff had no contact with chemicals. Dr. Fagen, however, testified from medical records and could not state that it was his personal knowledge that plaintiff did not work with chemicals. Horack did not begin working with Martin Marietta until after plaintiff contracted hepatitis. His knowledge of plaintiffs work around chemicals was not totally based on personal knowledge.
The basic issue in this case is whether plaintiff carried his burden of proof. Plaintiff must prove that it is more probable than not that he contracted hepatitis as a result of his employment with defendant. Chisolm v. Dibert, Bancroft & Ross Co., 428 So.2d 945 (La.App. 1st Cir. 1983); Martin v. Rollins Services, Inc., 424 So.2d 429 (La.App. 4th Cir.1982) See La.R.S. 23:1031. Nowhere in the record does plaintiff offer any evidence of the chemicals he allegedly worked with or with what amounts he had come in contact. The court could not determine whether those chemicals could cause hepatitis and what amounts were necessary to create such a problem. Plaintiff merely alleges that he worked around chemicals and that he had chemically-induced hepatitis.
Because plaintiff failed to prove any causal relationship between the chemicals with which he was alleged to have worked and his hepatitis, we find that the trial court was manifestly erroneous in awarding benefits and also penalties and attorney’s fees.
For the foregoing reasons, the ruling of the trial court is reversed and there is judgment in favor of the defendant, Martin-Marietta Corporation, and against the plaintiff, Errol A. Brown, dismissing the latter’s suit at his cost in both courts.
REVERSED.

. The trial judge who heard this case retired prior to making a decision, and the judgment was handed down by his successor on the basis of the record.