465 So.2d 847 (1985)
Bobby Ray LEWIS, Plaintiff-Appellant,
v.
ALLOY CASTING OF LA., INC., et al., Defendants-Appellees.
No. 16774-CA.
Court of Appeal of Louisiana, Second Circuit.
February 27, 1985.
*848 Lunn, Irion, Johnson, Salley & Carlisle by Frank M. Walker, Jr., Shreveport, for defendants-appellees.
Timothy R. Fischer and Claudius E. Whitmeyer, Shreveport, for plaintiff-appellant.
Before FRED W. JONES, Jr., SEXTON and NORRIS, JJ.
NORRIS, Judge.
Plaintiff brought this action against his employer and its insurer seeking workers compensation benefits. He claimed to be suffering from back and neck pain as a result of an on-the-job accident on October 25, 1982. Defendants, believing plaintiff was not seriously injured, and relying on a physician's work release, refused compensation. The trial court found that plaintiff had failed to prove an injury of greater duration than one week and consequently denied recovery. LSA-R.S. 23:1224. Plaintiff brought this appeal. For the reasons assigned, we reverse.

FACTS
On October 25, 1982, while in the course and scope of his employment at Alloy Casting of Louisiana Inc., plaintiff Bobby Ray Lewis was lifting a piece of steel from the shop floor onto his work table where he was to grind it. In the middle of the lifting process, he felt a "little click" or "pop" at the back of the base of his neck. At first the pain was not severe and Lewis continued to work for another hour, when he punched out for lunch. During his lunch break, the pain grew worse and Lewis reported it to his supervisor. The supervisor *849 sent Lewis to Willis-Knighton Medical Center that afternoon; the doctor there told Lewis to see his own personal physician.
The next day, October 26, Lewis went to see his doctor, Dr. Lewis Jones. Unable to find any objective symptoms, Dr. Jones recommended physical therapy for the "next couple of days" and gave him a work release effective November 1. It was partly on the strength of this alleged release that Alloy Casting and its insurer refused the benefits. In spite of the early optimistic report, Lewis returned to see Dr. Jones on several occasions, complaining of continuing back pain. The visits were on November 2, November 16, November 24, December 14, December 22, December 30, and February 9, 1983.
It was also partly on the strength of Lewis's prior record that defendants refused comp benefits. Lewis is a 36 year old man with limited education and a rather spotty work record; what work he has done has been chiefly labor. He first saw Dr. Jones in September, 1980 for a work-related back injury at Shreveport Specialties. Dr. Jones performed an anterior cervical fusion at C6-7 in November, 1980. Lewis's recovery was slower than normal and Dr. Jones did not release him for work until some nine or ten months later. As a result of the Shreveport Specialties accident, Lewis received a lump-sum workers compensation settlement in November, 1981. Lewis did not work again until October 13, 1982, when he started at Alloy Casting, about two weeks before the instant injury. In the meantime, he suffered a minor neck strain from an auto accident in February, 1982. Between the instant accident and the time of trial, Lewis had worked a total of two weeks, serving as a painter's helper for his brother-in-law; he also applied for unemployment. With this evidence, defendants attempted to show that Lewis was a malingerer who would rather draw comp than work.
Lewis also underwent extensive testing with Dr. Phillip Osborne, a specialist in chronic pain management and rehabilitation. Dr. Osborne had seen Lewis earlier, in connection with the cervical fusion surgery. He then saw Lewis in January, 1983, over two months after the instant accident. He recommended physiological and psychological testing, to which Lewis did not initially submit. When Lewis finally did undergo the tests, the physiological results were negative. The psychological tests, however, showed that Lewis is schizoid and withdrawn, suffering from heavy stress. Dr. Osborne, who testified at trial, voiced the possibility that Lewis was an "exaggerated patient" who transforms stress into physical complaints in an attempt to manipulate his environment.

ISSUE # 1: Duration of injury.
In a workers compensation case, the plaintiff has the burden of proving his claim by a preponderance of the evidence. Prim v. City of Shreveport, 297 So.2d 421 (La.1974). A plaintiff may prove his claim by presenting his own uncontradicted testimony that establishes a presumption that he suffered a disability as a result of a work accident. If defendant fails to produce any direct evidence to rebut it, then plaintiff is entitled to compensation. Robertson v. Scanio Produce, 449 So.2d 459 (La.1984).
In the instant case, the trial judge specifically found that Lewis's testimony of accident and injury was uncontradicted. He also found, however, what he considered to be valid reasons for discounting that testimony. We do not agree and, under the circumstances, hold this conclusion to be manifestly erroneous. See Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
In the first place, Lewis repeatedly testified that he was in pain after the accident. After the initial visit and the purported work release, Lewis continued to see Dr. Jones and complain of pain. His seven subsequent doctor visits do not indicate a freedom from pain. Dr. Jones, in fact, never denied Lewis's complaints. He said that back and neck tenderness is purely subjective and that the pain was probably derived from the injury. Dep. p.p. 12, 13. *850 He further stated that, in his opinion, Lewis was suffering pain. Dep. p. 13.
The trial court's first reason for discounting this evidence was the "work release" slip to take effect November 1. In our opinion, it was clearly wrong for the trial court to accept the bare language on this slip, in the face of a clear, contrary explanation by the doctor who wrote the slip. Dr. Jones explained that his purpose in issuing the slip was to encourage Lewis to return to work and resume a work routine. Dep. p.p. 6, 12. This explanation recognizes the prior instance of slow recuperation; it also reflects a kind of positive psychology. When Dr. Jones said that most patients required six to eight weeks for recovery from this sort of injury, Dep. p.p. 9, 16, and that Lewis was not able to work until December 30, Dep. p. 9, the trial court should have completely disregarded the work release. Furthermore, it is not correct to rely blindly on an optimistic, early report, when medical evidence later proves a longer period of injury. Carter v. Am. Mut. Liab. Ins. Co., 386 So.2d 1072 (La.App.3d Cir.1980).
The trial court's next reason for discounting Lewis's uncontradicted evidence was the testimony of Dr. Osborne, who suggested that Lewis's pain was somatic. We do not consider Dr. Osborne's testimony on that score to be conclusive enough to rebut Lewis's direct testimony. First, Dr. Osborne cautioned that he lacked enough medical information to make a definite pronouncement. R.p. 74. He also said that Lewis suffered from extreme stress, which could have been aggravated by the physical injury, R.p. 77, and which could produce real pain, R.p. 73. Second, Dr. Osborne did not examine Lewis for this accident until January, 1983, well after the maximum recuperation time that Dr. Jones indicated. Third, we think the testimony of the treating physician is entitled to more weight than that of a physician who examines plaintiff for diagnosis only. See Ellis v. Rapides Par. Sch. Bd., 419 So.2d 990 (La. App.3d Cir.1982). These circumstances do not meet the requirements of Robertson v. Scanio Produce, supra.
Finally, there was some evidence tending to show that Lewis is a malingerer. While his work record, as well as his credibility, may not be sterling, we do not think the evidence offered was positive and convincing enough to brand him a malingerer at this point. See Hughes v. Webster Par. Police Jury, 414 So.2d 1353 (La.App.2d Cir. 1982).
The record clearly shows that Lewis was unable to work until December 30, 1982, when Dr. Jones issued the revised work release slip. Dep. p. 9; R.p. 47, 64. He is therefore entitled to benefits for temporary total disability under LSA-R.S. 23:1221(1), covering the period from October 25 until December 30, 1982.
Since this injury occurred before the effective date of LSA-Acts. 1983, 1st Ex. Sess., No. 1,[1] Lewis's weekly wage is to be determined under LSA-R.S. 23:1021(7)(a), which provides:
(a) If the employee is paid on an hourly basis, his hourly wage rate multiplied by the average actual hours worked in the four full weeks preceding the date of the injury or forty hours, whichever is greater.
Thus, Lewis's weekly wage is forty hours at $4.25 per hour, or $170.00. Sixty-six and two-thirds percent of this is $113.33 per week, the amount we award herein.
Lewis is also entitled to medical expenses under LSA-R.S. 23:1203. According to the stipulation at trial, R.p. 57, and the itemized attachment, this sum is $511.97. There will be judgment accordingly.

ISSUE # 2: Penalties and attorney fees.
Lewis also claims that defendants' refusal to pay benefits was arbitrary, *851 capricious, or without probable cause, thus entitling him to statutory penalties and attorney fees. LSA-R.S. 22:658, 23:1201.2. These provisions are penal in nature and must be construed strictly. Sanctions should be imposed only in instances where the facts negate probable cause for nonpayment. Singleton v. Bushnell & Co., 437 So.2d 347 (La.App.2d Cir.1983); Walker v. Gaines P. Wilson & Son Inc., 340 So.2d 985 (La.1976).
In the instant case, defendants received from Lewis's treating physician a work release whose validity was not conclusively disproved until trial. The presence of this premature work release created a bona fide dispute and justified defendants in withholding payment until a full disposition of the matter. Under these circumstances, there is no entitlement to penalties and attorney fees. See Harrison v. Chicago Mill & Lbr. Co., 446 So.2d 843 (La.App.3d Cir.1984).

DECREE
For the reasons expressed, the judgment of the trial court is reversed. There is judgment in favor of plaintiff, Bobby Ray Lewis, and against defendants, Alloy Casting of Louisiana Inc. and Lincoln Insurance Company, in solido, for benefits for temporary total disability in the amount of $113.33 per week, beginning October 25, 1982 until December 30, 1982, with legal interest on each payment from the date due until paid, together with medical expenses in the amount of $511.97, with legal interest from date due until paid. Costs of this appeal are assessed to defendants.
REVERSED and RENDERED.
NOTES
[1] The revised counterpart under the 1983 act limits recovery by a part-time employee to sixty-six and two-thirds percent of his actual weekly wage. LSA-R.S. 23:1021(10)(a)(ii) and (iii). Lewis had worked only 23.75 hours the previous week.